ELIZABETH RASTETTER et al., Infants, by LOUISE MAIS-
WAGENER, Their Guardian ad Litem, Respondents, *v.*
JOHN C. HOENNINGER, as Executor of and Trustee
under the Will of FRANK RASTETTER, Deceased, et al.,
Appellants.

Will — joint will by husband and wife — provisions of such
will construed and held to operate as an agreement binding upon
survivor as to disposition of property owned by either party
at death of either of them.

1. A person may enter into a valid agreement to make a particu-
lar testamentary disposition of his property. As a will an instru-
ment is revocable at pleasure, but as a contract, if supported by an
adequate consideration, it is enforceable in equity.

2. A joint will made by husband and wife contained, among
others, the following provisions: "This and this only to be our
last mutual and joint Will and Testament. * * * We give unto
the survivor of either of us, the income of our real and personal
property * * *. After the death of the survivor of either of us,
all our property both real and personal, shall be divided in the
manner following:" *Held*, that although no one of the foregoing
considerations standing alone might be sufficient to establish a
contract, the cumulative effect of all when viewed together is so
persuasive as, unexplained, to prove that the joint will was made
pursuant to an agreement, so that after the agreement had been
executed by one dying without making a different testamentary
disposition of his property, and after the acceptance by the other
of the benefits of the agreement, it became obligatory upon the
latter and enforceable in equity upon his death. Each, during his
life, remained the absolute owner of his own with all the rights of
an owner, and upon the death of the wife the husband became
trustee of her personal estate for the remaindermen.

3. To the extent that certain real estate, which was devised
by the husband, who survived the wife, was purchased by him with
money belonging to the estate of the wife, or in case it be shown that
it was given by him to one of the defendants in contemplation of
the donor's death or to avoid in good faith the performance of the
agreement made between him and his wife, equity may impress a
trust upon it in favor of the beneficiaries under the joint will.

*Rastetter* v. *Hoenninger*, 157 App. Div. 553, reversed.

(Argued November 30, 1914; decided February 5, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 28, 1913, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

On September 4th, 1902, Franz and Elizabetha Rastetter, being then husband and wife, jointly executed the following instrument:

"*In the name of God, Amen :* We, Franz Rastetter and Elizabetha Rastetter, his wife, of the Borough of Manhattan, City of New York, being of sound mind and memory and mindful of the uncertainty of human life, do now make, publish and declare this and this only to be our last mutual and joint Will and Testament in manner following, viz. :

"*First.* We order and direct our executor or executrix, as the case may be, to pay all our just debts and funeral expenses out of our personal estate.

"*Second.* We give unto the survivor of either of us, the income of our real and personal property, during his or her natural life for his or her own use and benefit.

"*Third.* After the death of the survivor of either of us, all our property both real and personal, shall be divided in the manner following:

"One-half thereof is to be paid to our daughter, Barbara Schmidt, if living at the time of the distribution of the estate, and if not living at the time of the distribution of the estate, her share shall be equally divided between her children then living, and the remaining one-half thereof to our son, John Rastetter, if living at the time of. the distribution of the estate, and if not living, same shall be equally divided between his children then living.

"We hereby nominate, constitute and appoint the survivor of either of us, executor or executrix, as the case may be, of this our mutual and joint Will and Testament.

"Giving the said executor or executrix, as the case

may be, full power to sell any real estate, either owned jointly or separately, at public auction or private sale, which he or she may think most advantageous to the estate, with the power to reinvest said money in (*sic*) by purchasing real estate or investing same on mortgage on New York City real estate, with the power to mortgage or lease any real estate owned by us either jointly or severally.

" Hereby revoking all other and former wills by us at any time heretofore made, we again declare this, and this only, to be our last mutual and joint Will and Testament.

" *In Witness Whereof*, we have hereunto set our hands and seals this 4th day of September, 1902."

Elizabetha Rastetter died January 4th, 1905, leaving her husband and their two children surviving. Said instrument was probated as her will, and her husband was appointed executor thereof.

Franz Rastetter died August 27th, 1908. His son John Rastetter predeceased him, leaving a widow and several minor children, who are the plaintiffs herein. On August 1st, 1907, Franz Rastetter executed an individual will, which was duly probated, by which he gave one-half of his estate absolutely to his daughter Barbara Schmidt. The other half he gave to his executors in trust to hold for the benefit of the children of his son John until the youngest should become thirty years of age, when it was to be divided among them equally. After the death of Elizabetha and prior to September 17th, 1906, Franz entered into a contract to purchase a parcel of real estate for the sum of $11,100, subject to a mortgage of $6,500, and on that date took title in the name of his daughter Barbara Schmidt, which she still retains. The trial court found: " That Franz Rastetter purchased the aforesaid real estate with money that came from the estate of Elizabetha Rastatter, deceased, and money subject to the contract contained in the ' joint and mutual ' will hereinbefore set forth, which was admitted to probate as the last

will and testament of Elizabetha Rastetter, deceased, and made gift thereof to the defendant Barbara Schmidt."

The action was brought by the children of the deceased son John to enforce the provisions of the joint instrument executed by Franz and Elizabetha Rastetter and incidentally to establish the plaintiffs' beneficial ownership of one-half of the said real property purchased in the name of the defendant Schmidt, and to compel her to account for the rents and profits thereof.

The action has been twice tried. At the first trial the complaint was dismissed. The judgment entered thereon was reversed by the Appellate Division by a divided court. Upon the second trial judgment was rendered in favor of the plaintiffs, which was affirmed by the Appellate Division, also by a divided court, with a modification as to the form of the judgment not necessary to be here set forth.

*Andrew C. Troy* for appellants. An agreement is necessary in order to make a mutual and joint will binding upon the survivor. Unless there is such an agreement a mutual and joint will is as revocable as any other will, and even if there is an agreement the will is nevertheless revocable, although in equity the agreement may be enforced. (*Ex parte Day*, 1 Bradf. 476; *Matter of Keeps*, 2 N. Y. Supp. 750; *Matter of Gloucester*, 11 N. Y. Supp. 899; *Kline* v. *Farrell*, 71 App. Div. 219; *Edson* v. *Parsons*, 85 Hun, 263; 155 N. Y. 555; *Wallace* v. *Wallace*, 71 Misc. Rep. 305.) A joint and mutual will of itself does not show a contract to make mutual wills, and never to revoke the same which may be enforced in equity. The mere making of a joint and mutual will is insufficient to indicate a binding contract, irrevocable after the death of either party. (*Younger* v. *Duffie*, 95 N. Y. 539; *Hubbard* v. *Hubbard*, 12 Barb. 153; *Wilkes* v. *Burns*, 60 Md. 64; *Smith* v. *Bell*, 6 Pet. [U. S.] 68; *Williams* v. *Tolbert*, 66 Ga. 127; *Cunningham* v. *Davis*, 62 Misc. Rep. 366; *Matter of Diez*, 60 N. Y. 88; *Matter*

*of Stracey,* 1 Deane Eccl. 6; *Matter of Raine,* 1
Sw. & T. 144; *Hobson* v. *Blackburn,* 1 Add. 274.)
The plaintiffs are not entitled to a judgment of specific
performance, for the reason that they have failed to
prove, by clear and satisfactory evidence, that a con-
tract existed between Franz Rastetter and Elizabetha
Rastetter, or to prove definitely and explicitly the terms
of the contract. (*Edson* v. *Parsons,* 85 Hun, 263;
*Herrick* v. *Snyder,* 26 Misc. Rep. 462; *Gall* v. *Gall,* 29
Abb. [N. C.] 22; 138 N. Y. 675; *Mahaney* v. *Carr,* 175
N. Y. 454; *Conlon* v. *Mission,* 34 App. Div. 507; *Rip-
son* v. *Hart,* 64 App. Div. 593; *Hanly* v. *Hanly,* 105
App. Div. 335; *Shakespeare* v. *Markham,* 72 N. Y. 400.)
Even assuming that this joint and mutual will raises
the presumption of an agreement, which is binding
upon Franz Rastetter, what the parties intended was
that the individual property of each should go to
the survivor for life, and the property which the sur-
vivor had at his death should go in the manner pro-
vided for in the alleged joint and mutual will, dated Sep-
tember 4, 1902. (*Johannes* v. *Martian,* 22 App. Div. 561;
*Mahaney* v. *Carr,* 175 N. Y. 454; *Roehl* v. *Haumesser,*
114 Ind. 311; *Austin* v. *Davis,* 128 Ind. 472; *Van Duyne*
v. *Freeland,* 12 N. J. Eq. 142; *Gall* v. *Gall,* 29 Abb.
[N. C.] 19; 138 N. Y. 675; *Repsom* v. *Hart,* 64 App. Div.
593.) Franz Rastetter did not waive any rights of sur-
vivorship by making the joint and mutual will. (*Torrey*
v. *Torrey,* 14 N. Y. 430; *Kelly* v. *Beers,* 194 N. Y. 49;
*Wyche* v. *Clapp,* 43 Tex. 543; Schouler on Personal Prop-
erty, § 159; *Bertles* v. *Nunan,* 92 N. Y. 152; *Hills* v.
*Fisher,* 144 N. Y. 306; *Johannes* v. *Martian,* 22 App.
Div. 561; *Roehl* v. *Haumesser,* 114 Ind. 311; *Mahaney* v.
*Carr,* 175 N. Y. 454; *Austin* v. *Davis,* 128 Ind. 472;
*Van Duyne* v. *Freeland,* 12 N. J. Eq. 142.)

*August P. Wagener* for respondents. The agreement
can be found by the court from the surrounding circum-

stances and from the instrument itself. (*Edson* v. *Parsons*, 155 N. Y. 555; *Herrick* v. *Snyder*, 27 Misc. Rep. 462; *Ex parte Day*, 1 Bradf. 476.) The instrument sought to be enforced in this action is an executed contract although designated a "mutual and joint will." (*Ex parte Day*, 1 Bradf. 476; *Edson* v. *Parsons*, 155 N. Y. 555.) The contract contained in the mutual and joint will covered all the property that either testator had or was possessed of at the time of the death of Elizabetha Rastetter on January 4, 1905, and such other property as the survivor thereafter purchased with portions of that estate. (*Hamer* v. *Sidway*, 124 N. Y. 538; Anson's Prin. of Cont. 63; Pars. on Cont. 444.)

MILLER, J. Whatever doubt may once have existed on the point, it is now settled that an instrument jointly executed in due form as a will by two persons may be proved as the will of either. (*Matter of Diez*, 50 N. Y. 88.) In that case a husband and wife jointly executed an instrument reciprocally devising their property to the survivor, and it was held that the instrument operated as the separate will of the one first dying. Upon that event the whole purpose of the instrument was accomplished. There is equal reason for holding that, in case of a conjoint will of two persons by which the survivor is given a life estate only with remainder over to a third person, the instrument may successively be proved upon the death of each as his individual will.

It is also too well settled to require the citation of authority that a person may make a valid agreement to make a particular testamentary disposition of his property, but see the opinion of GRAY, J., in *Edson* v. *Parsons* (155 N. Y. 555, p. 567), the case mainly relied upon by the appellants. As a will an instrument is revokable at pleasure, but as a contract, if supported by an adequate consideration, it is enforceable in equity.

There are no facts disclosed in this case *aliunde* the

will itself to establish a contract, and the important question, therefore, is whether the instrument itself imports a contract, as a majority of the Appellate Division have held. We are not prepared to say that the mere fact of a conjoint, reciprocal testamentary disposition by two persons establishes a contract not to revoke, although that seems to have been Lord CAMDEN's ruling in *Dufour* v. *Pereira* (1 Dickens, 419; 2 Hargrave's Juridical Arguments, 277, 304), a case often cited. Such wills are rare and, it may be, more nearly import a contract than separate mutual wills such as were involved in the leading case of *Lord Walpole* v. *Lord Orford* (3 Ves. Jr. 402), and in *Edson* v. *Parsons* (*supra*). In the case at bar the testators took the pains at the beginning and again at the end of the will to declare " this and this only to be our last mutual and joint will and testament." The repetition of that phrase *in hæc verba* and especially of the words " and this only " strongly tend to indicate an understanding that neither was to make a different testamentary disposition of his property in the future, for otherwise those significant words twice carefully used were meaningless. The language of the disposing clause imports the joint disposition of the collective property of both, not the independent disposition by each of his own. It is " we," not " I, Franz, and I, Elizabetha," give the income of " our," not of " my," real and personal property. They did not in express words give, devise and bequeath the remainder upon the death of the survivor, but they said " after the death of the survivor of either of us, all our property both real and personal *shall be divided* in the manner following; " a phrase which again strongly suggests, if it does not alone import, a contract. The testators, husband and wife, provided first for the survivor and ultimately for their children, in whose welfare they were both mutually concerned. Although no one of the foregoing considerations standing alone might be sufficient to establish a contract, the cumu-

lative effect of all when viewed together is so persuasive as unexplained to prove that the joint will was made pursuant to an agreement. Whilst importing a contract the instrument is testamentary in character and as to the property of each speaks from his death. Each was at liberty during his lifetime to use his own as he saw fit, short of making a different testamentary disposition or a gift to defeat the purpose of the agreement, which was that upon his death each was to leave the property of which he was then possessed in the manner agreed upon. Very likely either during their joint lives might upon notice to the other have revoked; but, after the agreement had been executed by one dying without making a different testamentary disposition of his property and after the acceptance by the other of the benefits of the agreement, it became obligatory upon the latter and enforceable in equity upon his death.

Nothing to the contrary was decided in *Edson* v. *Parsons* (*supra*) which involved separate mutual wills. In that case the trial court found from the wills themselves and the extrinsic circumstances that there was no contract, and this court held that there was evidence to justify that finding, which was far from holding that even in that case there was no evidence to sustain a contrary finding.

We have examined the cases in other jurisdictions cited by the appellants. Whilst expressions may be found in some which seem to support their contention, in none were the facts the same, or the precise point involved, as in this case. On the other hand, there are decisions in other states, supported by cogent reasoning, which go as far as, or farther than, we are required to go in this case to sustain the ruling of the court below. (*Frazier* v. *Patterson*, 243 Ill. 80; *Baker* v. *Syfritt*, 147 Ia. 49; *Bower* v. *Daniel*, 198 Mo. 289.)

However, the findings are not sufficient to support the judgment with respect to the real property deeded to the

defendant Schmidt and the evidence does not enable us to supply the necessary finding. Neither the findings nor the evidence disclose with certainty the source of the money with which said property was purchased, but the theory of the judgment in this respect is that upon the execution of the joint will each of the testators became a trustee of his own property and, whilst entitled to the income, was disabled from disposing of the corpus. As I have already said, we construe the agreement differently. What the parties disabled themselves from doing was the making of a different testamentary disposition after accepting the benefits of the agreement. Each, during his life, remained the absolute owner of his own with all the rights of an owner. Certainly nothing short of plain and express words to that effect should suffice in such a case to limit the use, or to impress a trust upon, the property of each during his own life. Of course, the agreement had to be carried out honestly and in good faith. The survivor could not after accepting the benefits of the agreement make a gift in the nature, or in lieu, of a testamentary disposition or to defeat the purpose of the agreement. Upon the death of the wife, the husband undoubtedly became trustee of her personal estate for the remaindermen. And if the identical money received from her can be traced to the purchase of the said real estate (See *Matter of Hicks*, 170 N. Y. 195), equity will impress a trust upon it. In such case it will not be an answer to say that upon his death the husband left a larger personal estate than he received from his wife. A trustee may not convert trust funds to his own or another's use on the chance that upon his death his personal estate after the payment of his debts may be sufficient to reimburse the trust estate, but so long as the identical money can be traced it will retain its character as trust property, no matter what form it may take.

The deed to the defendant Schmidt was made two years before the death of the testator. She immediately

entered into and has remained in possession, and no attempt was made to show that the gift to her was made in contemplation of death or to defeat the purpose of the testamentary agreement between her father and mother. To the extent that said real estate was purchased with money belonging to the estate of Elizabetha Rastetter, or in case it be shown that it was given to the defendant Schmidt in contemplation of the donor's death or to avoid in good faith the performance of the agreement made between him and Elizabetha, equity may impress a trust upon it. But as the case was not tried on that theory there must be a new trial.

The judgments should be reversed and new trial granted, with costs to abide the final award of costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDE-BACK and CARDOZO, JJ., concur; WERNER, J., taking no part.

Judgments reversed, etc.