In the Matter of the Accounting of EDITH M. FRENCH, as Executrix of LYDIA M. BEKKER, Deceased, Respondent.

HARRY BEKKER et al., Appellants; MARGARETTA GRANDIN, Respondent.

Third Department, April 2, 1954.

*Julian A. Ronan* and *Alfred J. Bedard* for appellants.

*Livingston S. Latham* and *Harry M. Walton, Jr.,* for executrix, respondent.

*Sanford C. Nussenfeld* for Margaretta Grandin, respondent.

*Per Curiam.* Appellants seek a court determination that there was a contract between Lydia M. Bekker (hereinafter referred to as the decedent) and her deceased husband, Alexander Johannes Bekker, to make certain testamentary provisions, by virtue of which the decedent's estate should be impressed with a trust in their favor. In pursuing that desire they have appealed to this court from two orders of the Delaware County Surrogate's Court. The first dismissed appellants' answer and objections to the petition of respondent, Edith M. French, for settlement of her final account as executrix of decedent's will. The second denied a motion for a resettlement of the earlier order.

The appellants are brother and sister of Alexander Bekker. It is alleged in their answer and objections that on January 27, 1947, he and the decedent executed separate but similar wills. Alexander died December 7, 1949. His unchanged will was probated in Delaware County Surrogate's Court. On August 11, 1951, this decedent executed a new will, which has also been probated in that court. Decedent's last will followed, in general pattern, the one set up in the pleading of appellants as a copy of her will of January 27, 1947, but with some additions and

changes. Though appellants are also legatees under the probated will, they stand to receive less than they would have taken under the earlier one.

Appellants contend that the similar wills of January 27, 1947, were mutual and reciprocal, made in accord with an agreement between their brother and his·wife to the end that, if the one predeceased the other, then and in that event the survivor's property should be distributed to the identical devisees and legatees named in each spouse's will. They assert that the death of Alexander, with his will unchanged, its probate and decedent's acceptance of benefits thereunder rendered the agreement binding and irrevocable as to her. Ergo, they are entitled to the same property from her estate that they would have taken under either of the identical wills.

They filed claims therefor, which decedent's executrix rejected. Subsequently, they filed the said answer and objections to the final accounting, praying for affirmative relief in accord with their theory here expressed. Respondents thereupon pleaded the Statute of Frauds as a defense.

Respondent executrix, treating the claim in the answer and objections as a counterclaim, moved for the dismissal of the objections under rules 109 and 110 of the Rules of Civil Practice or, in the alternative, for summary judgment under rule 113. The order and decision of the court below indicates that the dismissal was under subdivision 8, formerly subdivision 5 of rule 110. Appellants contend that a motion under rule 110 cannot be made after answer or reply. We think that, under the circumstances, the court below had power to entertain and pass on the motion.

The answer and objections allege an agreement that Alexander and the decedent would and did make reciprocal wills in favor of each other, the one in consideration of the other, so that, when the survivor should die, his or her property would be distributed to persons in each spouse's will named, who were identical with those named in the will of the other spouse. Demand was made for a bill of particulars giving the terms of the agreement, whether oral or written, and for copies of the written parts. The bill stated that the contract was both oral and written and that the writings evidencing said contract were the January 27, 1947, wills of both spouses.

We need not labor the point that wills become mutual and reciprocal in such manner as to bind a survivor not to revoke his will only in the event of a contract to that effect to be found

either in the terms of the wills themselves or extrinsic thereto. There must be clear and convincing proof of such a contract. (*Edson* v. *Parsons,* 155 N. Y. 555, 568; *Wallace* v. *Wallace,* 216 N. Y. 28, 39.) The two wills here under consideration contain no such proof in their own terms. They have no decisive terms of agreement as did those considered in the cases cited by appellants, viz., *Rastetter* v. *Hoenninger* (214 N. Y. 66); *Hermann* v. *Ludwig* (186 App. Div. 287), and *Olsen* v. *Olsen* (189 Misc. 1046).

The law does not view the renunciation of the right to revoke a will as a casual matter. A will takes no effect until the testator's death. It is necessarily revocable until the last moment of life. A contract to make a specific bequest, even when a will to that effect has been duly made and executed, is in truth a contract of negative character. (*Matter of Goldberg,* 275 N. Y. 186, 193.) In *Edson* v. *Parsons* (*supra,* p. 568), it was said "that to attribute to a will the quality of irrevocability demands the most indisputable evidence of the agreement, which is relied upon to change its ambulatory nature, and that presumptions will not, and should not, take the place of proof."

But since those words were written, the Statute of Frauds has been amended to include " a contract to bequeath property or make a testamentary provision of any kind " among those declared void " unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent " (Personal Property Law, § 31, subd. 7).

The only writings evidencing the agreement disclosed by appellants in their objections and bill of particulars are the two wills of January 27, 1947. The motion called upon appellants to produce their writings or explain their failure to do so. To supply the lack they suggest that the trier of the facts might find that a draft of a joint will, which the spouses had before the two wills were drawn on January 27, 1947, would imply an intent to make a mutual and reciprocal will. No such draft was alleged in their answer or bill of particulars, nor do they suggest its contents.

In the final analysis, appellants fail to show a triable issue as to compliance with the Statute of Frauds. " Upon familiar practice a memo of a contract required by statute to be in writing must be by and of itself a complete expression of the intention of the parties without reference to parol evidence ". (*Matter of Levin,* 302 N. Y. 535, 541.) Proof and inferences which could be availed of when the decision in *Edson* v. *Parsons*

(155 N. Y. 555, 568, *supra*) was written are not now permissible.

We see no contrary inference to be drawn from the holding in *Crabtree* v. *Arden Sales Corp.* (305 N. Y. 48). At pages 55 and 56 Judge FULD said, '' None of the terms of the contract are (to be) supplied by parol. All of them must be set out in the various writings presented to the court, and at least one writing, the one establishing a contractual relationship between the parties, must bear the signature of the party to be charged, while the unsigned document must on its face refer to the same transaction as that set forth in the one that was signed.''

The motion to resettle the order sought to eliminate a statement that counsel for objectants conceded that the only writing claimed to constitute a contract consisted of the two wills of January 27, 1947. Aside from the fact that the court undoubtedly understood such a concession to have been made, the question is one of form rather than substance. The affidavit in support of the motion to resettle emphasizes a refusal to concede and is not altogether unequivocal. At the most the reference to the concession was harmless surplusage.

The orders should be affirmed, with $10 motion costs to each respondent against appellants.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Orders affirmed, with $10 costs to each respondent against appellants.