In the Matter of the Probate of the Will of SHERMAN R. ELWYN, Deceased.

Surrogate's Court, Ulster County, June 23, 1954.

*Lloyd R. Le Fever* for Marion D. Elwyn, petitioner.

*Harry H. Flemming* and *Martin F. Comeau,* in person, for Martin F. Comeau, as executor of Sherman R. Elwyn, deceased.

STERLEY, S. This is an application made by the petitioner, Marion D. Elwyn, for an order reopening, setting aside, or vacating the proceedings had relative to the probate of the last will and testament of Sherman R. Elwyn, deceased, which was admitted to probate by this court on September 29, 1953.

On November 15, 1948, the deceased, Sherman R. Elwyn, and his wife, Cornelia Elwyn, executed a joint will. Cornelia Elwyn, wife of the deceased herein, Sherman R. Elwyn, died on July 12, 1949, and the said joint will was admitted to probate by this court on July 25, 1949, as the last will and testament of the said Cornelia Elwyn. In the said joint will the petitioner herein, Marion D. Elwyn, was named as a beneficiary.

The deceased herein, Sherman R. Elwyn, after the death of his wife, Cornelia Elwyn, namely, on February 29, 1952, executed another will which was admitted to probate by this court on September 29, 1953, in which the petitioner herein, Marion D. Elwyn, was mentioned as a beneficiary. The said Marion D. Elwyn was not a distributee of either Sherman R. Elwyn, the deceased herein, or his wife Cornelia Elwyn, as she was the wife of the son of the deceased both Sherman R. Elwyn and Cornelia Elwyn.

This proceeding was brought by the petitioner, Marion D. Elwyn, pursuant to the provisions of section 140 of the Surrogate's Court Act. The pertinent part of such section reads as follows: " In every case, each person designated in the will as executor, testamentary trustee or guardian, and each person named as executor, testamentary trustee or guardian, or beneficiary in any other will of the same testator filed in the Surrogate's office."

The question before this court is whether or not the joint will heretofore mentioned made by the deceased, Sherman R. Elwyn, and his wife, Cornelia Elwyn, was a former will within the meaning of the statute of the deceased, Sherman R. Elwyn, on file in this court. The petition, among other things, contained an allegation that the petitioner, Marion D. Elwyn, was intentionally omitted from the petition for probate of the last will and testament of Sherman R. Elwyn and further that it was falsely represented therein that there was no other will of said testator on file in the office of the Surrogate of Ulster County. On a hearing held on November 16, 1953, this court appropriately disposed of this question.

The petitioner made no claim in her petition of a contract under the alleged joint will. However, counsel in the latter part of his presentation of the case stressed the subject. Counsel for the petitioner attempted to offer in evidence the joint will of the decedent herein and his wife and explained the reason for so doing was to establish the rights of his client, the petitioner herein, a daughter-in-law of the deceased, under the contract contained in the will. This was objected to by counsel for the executor upon the ground that it was not material, was improper, and there was no relationship to the issue in this proceeding and upon the further ground that this was not a proceeding to establish a contract under the terms of the joint will. Counsel for the executor further contended that it was not properly in this court and should have been brought in Supreme Court under the practice. This court excluded from the record the said joint will. The reasoning of this court in excluding the said joint will from the record was based upon the theory that where a contract is involved in the making of a joint or mutual will between two persons that it is a matter for the Supreme Court in equity to determine and not a matter properly before the Surrogate's Court. The Surrogate cannot in a probate proceeding entertain and determine what is virtually an action in equity for the specific performance of a contract to make mutual wills. This is based upon the provisions of section 144 of the Surrogate's Court Act, which relates to the probate of wills and provides that if it appears to the Surrogate that the will was duly executed and that the testator at the time of executing it was in all respects competent to make a will and not under restraint, it must be admitted to probate as a will valid to pass real property, or personal property, or both, as the Surrogate determines, and the petition and citation require,

and must be recorded accordingly. In the opinion of this court this makes it obligatory upon the Surrogate to probate the last will executed by the testator in point of time provided such will was executed in accordance with the statute. In an action in equity in the Supreme Court for the specific performance of a contract the decree would simply uphold the validity of the contract and direct its performance and would not direct the probate of the joint will.

At this point it might be well to consider certain of the provisions of the joint will executed by Sherman R. Elwyn, the deceased herein, and his wife Cornelia Elwyn on November 15, 1948. The second clause of said will reads as follows: "We give, devise and bequeath unto the survivor of us all real and personal property owned by us, either jointly or severally, for his or her own personal use and benefit, absolutely and forever." "Third. In the event that we should both die in a common disaster, or either of us should predecease the other, then, we give and bequeath our household furniture to our daughter-in-law, Marion D. Elwyn, absolutely etc." The will then goes on to make provisions in the event the parties to said will met death in a common disaster.

The record and the facts clearly show that the said deceased, Sherman R. Elwyn, and his wife, Cornelia Elwyn, did not both die in a common disaster. The wife of the deceased, Cornelia Elwyn, predeceased her husband, Sherman R. Elwyn, the deceased herein. The joint will under the provisions of paragraph second heretofore set forth intended that, in the event of the death of one, the survivor should take the entire estate particularly in view of the fact that both of the parties did not die in a common accident. The provisions for the contingent beneficiaries never became effective for the reason that the wife died first and the husband took all without any qualifications, conditions or restrictions attached thereto. Therefore, it does not appear that there was any contract and the joint will having been admitted to probate by this court as the last will and testament of Cornelia Elwyn, the wife of the deceased, it operated as her separate will and the whole purpose of the instrument was accomplished; and it became inoperative thereafter.

In the case of *Rastetter* v. *Hoenninger* (214 N. Y. 66, 67), the court dealt with a joint disposition by a husband and wife under which the survivor or either of them would take the income only during life, with a division of the remainder between the children named. The first paragraph of the will

declared " We * * * declare this and this only to be our last mutual and joint will and testament in manner following ", which language was repeated in the paragraph revoking all former wills. The court in that case at page 71 said " Whatever doubt may once have existed on the point, it is now settled that an instrument jointly executed in due form as a will by two persons may be proved as the will of either. (*Matter of Diez,* 50 N. Y. 88.) In that case a husband and wife jointly executed an instrument reciprocally devising their property to the survivor, and it was held that the instrument operated as the separate will of the one first dying. Upon that event the whole purpose of the instrument was accomplished."

In the case in the matter before this court the wife died first and the joint will in question was proved as her will and the efficacy of her dispositions are in no way impaired by those portions of the instrument, which, if the husband had died first, constituted his will which have now become inoperative. The result is precisely the same as if like reciprocal dispositions had been made between husband and wife by means of two separate instruments. It is determined by this court that the joint will made by the deceased Sherman R. Elwyn and Cornelia Elwyn, his wife, was admitted to probate as the last will and testament of the wife of the decedent herein Cornelia Elwyn and that as such it operated as her separate will and that the husband Sherman R. Elwyn, the deceased herein, took all without any qualifications, conditions or restrictions attached thereto. Therefore, it must be construed that the joint will made by the deceased herein and his wife was not a former will within the sense and meaning according to the provisions of section 140 of the Surrogate's Court Act. Therefore, the petitioner, Marion D. Elwyn, was not entitled to be named in the petition for the probate of the last will and testament of the deceased herein by reason of the fact that she was a beneficiary under a prior will of the deceased. The petition herein is dismissed and the relief sought is hereby denied.

A decree upon notice may be entered accordingly.