■ GRACE AZZARA, as Administratrix of the Estate of CHARLES J. AZZARA, Deceased, Appellant, v. FRANCES B. AZZARA, Respondent.— In 1937, Salvatore Azzara and Rosalie Azzara, husband and wife, purchased a house in Queens County, as tenants by the entirety. In 1942, they made a joint will giving their property equally to their son Charles (now deceased) and their daughter Frances, the defendant herein. Salvatore died in 1949. The son Charles died intestate on August 31, 1953, leaving him surviving his wife, plaintiff herein, and a child. Plaintiff was appointed administratrix of Charles' estate. On September 9, 1953, Rosalie conveyed the property involved herein to defendant. Rosalie died on November 5, 1953. In August, 1954, on petition of plaintiff, the joint will was probated without objection on the part of defendant, and letters testamentary were issued to her as surviving executrix. Plaintiff commenced the instant action to set aside the conveyance from Rosalie to defendant, and for other relief, as being in violation of the joint will, and moved for summary judgment or, in the alternative, for judgment on the pleadings,

claiming that her deceased husband, Charles, and defendant both contributed towards the support of the family but that he contributed a greater portion during his lifetime. Defendant admits that both she and Charles contributed toward the family support, but claims that after Charles was married in 1941 the burden of supporting the family fell upon her, that in 1948 (before the death of her father in 1949) her parents promised to deed the property to her if she made certain repairs and continued to care for and maintain the house, that she thereafter expended about $5,000 for the house, and that in fulfillment of her parents' promise, her mother deeded the property to her in September, 1953. The court granted summary judgment to defendant and denied plaintiff's motion and defendant's cross motion for judgment on the pleadings as academic. Plaintiff appeals from the order insofar as it denies her motion and grants summary judgment in favor of defendant. Order reversed, without costs, and plaintiff's motion and defendant's cross motion denied. While neither a husband nor a wife can dispose of property owned by them as tenants by the entirety so as to affect the right of survivorship, they may do so by acting in concert, as by a joint will, or by a contract. (*Hiles* v. *Fisher*, 144 N. Y. 306; *Matter of Klatzl*, 216 N. Y. 83; *Matter of City of New York* [*Jamaica Bay*], 252 App. Div. 103.) A joint will which imports a contract is enforcible in equity. (*Rastetter* v. *Hoenninger*, 214 N. Y. 66; *Hermann* v. *Ludwig*, 186 App. Div. 287, affd. 229 N. Y. 544.) The will itself, in the case at bar, contains no agreement or understanding that it will not be revoked. Such an understanding or agreement may be established from evidence of the conduct of the parties prior to, at the time of, or subsequent to, the execution of the will. (*Rastetter* v. *Hoenninger*, *supra*; *Hermann* v. *Ludwig*, *supra*.) Under the circumstances, there are issues which can only be determined at a trial. Beldock, Acting P. J., Hallinan and Kleinfeld, JJ., concur; Murphy and Ughetta, JJ., dissent in part and vote to reverse so much of the order as denies the motion of plaintiff for judgment on the pleadings and to grant such motion, and to dismiss as academic the appeal of plaintiff from so much of the order as denies her motion for summary judgment. The granting of the motion of plaintiff for judgment should be without prejudice to the future assertion by defendant in an appropriate proceeding of her claim to recoupment for expenditures made by her for capital improvements to the property in suit. The joint will was irrevocable by the surviving wife and she was bound by her contract to leave the subject property to the two children designated in the will. While either husband or wife, during their joint lives, might have revoked, upon notice to the other, the will crystallized into agreement upon the death of the husband which the widow was required to honor. Having accepted the benefits of the agreement during her husband's lifetime, it became obligatory upon her and enforcible in equity upon his death (*Rastetter* v. *Hoenninger*, 214 N. Y. 66). The defendant may be entitled to recoupment of expenditures made for capital improvements to the property and this aspect may be determined in a future proceeding, if defendant be so advised.