Feed J. Mtjitoer, J.
This is an action to enforce specific performance of the provisions of an alleged agreement in writing between William Schweizer and his wife, Josephine M. Schweizer, executed in the form of a mutual and joint last will and testament dated March 28, 1938, with a subsequent joint codicil dated August 11, 1939. Upon the death of Josephine M.. Schweizer these instruments were duly admitted to probate by the Surrogate’s Court, Bronx County, on the 18th day of May, 1948, as her last will and testament. William Schweizer subsequently executed another instrument on January 9, 1951, which, upon his decease, was admitted to probate as his last will and testament by the Surrogate of Queens County on September 9,1957.
The action is brought by the grandchildren and sole heirs at law of the deceased, William Schweizer, to enforce the provisions of the fourth clause of the joint and mutual will which names them as the beneficiaries of a trust “ upon the death of the survivor and the creation of the joint trust ”, and to enjoin disposition of the estate to the defendant Albert Schweizer, not named in the joint will, but designated as chief beneficiary under the terms of the later will, contending that the testator executed the latter instrument in violation of the alleged prior agreement by which he was legally bound.
William Schweizer died a resident of Queens County leaving as his only heirs at law the plaintiffs herein. Josephine M. Schweizer, during her life executed no instrument purporting to be a last will and testament other than those hereinbefore mentioned and there was no attempt by William Schweizer to revoke the joint will during her lifetime. The defendant, Albert Schweizer, concedes that the assets of the estate of Josephine M. Schweizer were paid over to and received by William Schweizer.
The jurisdiction of this court to entertain this action has been questioned. However, the law is clear that a contract such as is alleged herein is enforcible in a court of equity. (Morgan v. Sanborn, 225 N. Y. 454; Ralyea v. Venners, 155 Misc. 539.) The decree of the Surrogate of Queens County admitting the paper of January 9, 1951, as the last will and testament of William Schweizer, is not being attacked, therefore that decree is not res judicata to a determination of the issues in this case.
The only issues before this court are whether the instrument designated as “ the mutual and joint will and testament of William Schweizer and Josephine M. Schweizer” was in fact executed by William Schweizer and if so, whether by so doing, he made a valid and binding contract to dispose of his estate in a specified manner in the event his wife predeceased him.
*594 As to the fact question, there is no doubt whatever in my mind that the document in question was executed and subscribed to by William Schweizer on the 28th day of March, 1938.
At the trial strong objections were made to the competency of the plaintiffs, the grandchildren of William Schweizer, to testify to their opinions as to whether the signature on the joint will was that of their grandfather. This was not testimony of a personal transaction as to which they would be barred by section 347 of the Civil Practice Act. (Hoag v. Wright, 174 N. Y. 36, 40.) There was no proper objection to questions relating to checks received as gifts by the plaintiffs from their grandfather which they saw him sign. These questions, aimed at qualifying the witnesses to express an opinion concerning personal transactions, might successfully have been excluded but the opinion evidence was not subject to the same objection.
Whether or not the witnesses may have been prevented from testifying to their observing their grandfather sign checks which he gave to them, there was ample proof of qualification on the part of the granddaughter, Anita C. Wilkens, to testify to an opinion of handwriting. Her employment as a teller for a credit union for four or five years sufficed to qualify her.
Moreover, by consenting to the probate of the joint will on his wife’s death and accepting the benefits of its provisions, there was a sufficient acquiescence in or recognition of the instrument as a genuine one by William Schweizer himself so as to preclude any possibility of error as to the authenticity of his signature. (People v. Molineux, 168 N. Y. 264, 328.)
Thus there is ample affirmative proof that both William Schweizer and his wife Josephine M. Schweizer executed the joint will and there is no evidence whatever that disputes that fact.
There is no longer any doubt that a person may bind himself by a joint and mutual will to dispose of his estate in a particular manner. (Rastetter v. Hoenninger, 214 N. Y. 66.) If the survivor executes a subsequent will in violation of the agreement it may be admitted to probate, but the executors and beneficiaries of that instrument may be compelled to carry out the agreement of their decedent. (Tutunjian v. Vetzigian, 299 N. Y. 315.)
The execution of the instrument having been proved, it now becomes necessary to determine its efficacy as a contract. In the absence of evidence of circumstances leading up to the execution of the joint and mutual will the court must look to the language of the instrument itself to determine the intent of the parties and whether it imports a contract. (Matter of Nelson, *595 200 Mise. 3.) The mere conjoint testamentary disposition by two persons does not necessarily establish a contract not to revoke. If there is no disposition nor limitation over in favor of third persons the instrument operates merely as the will of the person first to die. (Rastetter v. Hoenninger, supra.) On the other hand, in the absence of an express contract as to the disposition of their estates, a joint will may itself constitute such an agreement and will require no further writing to effect such disposition. (Elwyn v. Comeau, 8 Misc 2d 704.)
The document in question reads in part: “ In consideration of our mutual promises * * * we * * * do hereby covenant and agree to make, publish and declare our mutual and joint last will and testament * * * for the purposes of establishing and perfecting the disposition of our property ’ ’. This language to me imports an intent to jointly dispose of the collective property of both. The second dispositive clause of the instrument then provides that in the event William Schweizer dies first, all of his estate shall go in trust for the benefit of his wife for her lifetime. The third clause provides that, in the event Josephine dies first, her property shall go to William outright. But in the event he should predecease her, it should be “ jointed in the trust created by William Schweizer at the time of his death ”. The fourth dispositive clause, “ upon the death of the survivor and the creation of the joint trust ”, provides for the disposition of the bulk of the estate in trust for the benefit of the plaintiffs herein, the principal to be distributed to them upon their attaining the age of 25 years.
It is the contention of the defendant that the disposition of the joint property in this manner is conditioned upon the creation of the “ joint trust ” which could only have happened in the event that William had predeceased Josephine, and that having survived her he was free to dispose of the joint estate in any other manner he saw fit.
I do not agree. It is evident from the language of the entire instrument that they intended to enter into a binding agreement and provide for the welfare of the natural objects of their bounty, their grandchildren, whose father, their only child, had previously died. The important words I believe are “ upon the death of the survivor ’ ’. The words immediately following are simply to insure the same disposition upon the death of the wife should she survive, and may not be construed to give a different meaning to the apparent intent of the parties as expressed by the language of the entire instrument to jointly dispose of their collective estate.
*596 A further contention is made that the trust intended to be created by the joint will in the event William Schweizer died before his -wife was invalid for an unlawful suspension of the power of alienation and that, therefore, the contract had an illegal object and cannot be sustained. I will not pass on that academic question. The validity of a testamentary trust is determined by the conditions existing at the time of the death of the testator. (Bishop v. Bishop, 257 N. Y. 40, 52.) Thus, assuming that the trust provisions would have been invalid had William Schweizer died before his wife, until that event the contract validity could not, indeed would not, have been determined. But here William Schweizer survived his wife and his death occurred after each plaintiff attained the age of 25 years. By the terms of the will no trust is created and the question of an invalid trust does not arise.
I determine therefore that the cumulative effect of the instrument is sufficient to establish a contract to dispose of the estate of each in the manner specified in the fourth clause thereof. The testator having received the benefits of their mutual agreement, was thereby estopped from disposing of his property in any other fashion.
The relief demanded in the complaint, however, is too broad. The court may not set up the joint instrument as the last will and testament of William Schweizer, nor may the will of January 9, 1951 be set aside. (Tutunjian v. Vetzigian, 299 N. Y. 315, supra.) But the contract that has been established is enforcible in equity. A trust may be impressed and the later-named executor and beneficiaries may be compelled to perform the obligations which the testator assumed.
Neither party having submitted requests for findings, the foregoing shall constitute the decision of this court in accordance with section 440 of the Civil Practice Act.
Judgment is awarded to the plaintiff for relief to the extent of that demanded in paragraphs Four, Five and Six of the prayer for relief in the complaint, with costs and disbursements of the action.
It is my understanding that the plaintiffs have waived any claim to any specific bequests that may have already been turned over to the other defendants in this action.