James A. Roe, Jr., J.
In this action for specific performance, plaintiff sues to enforce certain provisions of a single will executed by Conrad Mueller and Bertha Mueller, his wife, on October 23, 1961, impress a trust on certain property, and for other and further relief.
The action has been submitted to the court for determination upon an agreed statement of facts as contained in a stipulation made between the attorneys for the respective parties in open court.
On October 23, 1961 Conrad Mueller and Bertha Mueller, his wife, executed a single will which is captioned “ joint last WILL AND TESTAMENT OF CONRAD MUELLER AND BERTHA MUELLER ’ ’ and opened with this declaration: ‘ ‘ we, 8 8 8 do hereby make, publish and declare this to be the Last Will and Testament of each of us ” and reads in part as follows:
“second: The first deceased hereby bequeaths and devises all real and personal property of whatever kind and wherever situated to the survivor of us outright.
“ third: Upon the death of the second one of us to die, or in the event of our simultaneous deaths or deaths resulting from a common disaster, then the estate of said second decedent, or of both of us as the case may be, is hereby bequeathed, devised and disposed of as follows:
* * *
“ fourth : All the rest, residue and remainder of the estate or estates, hereinbefore undisposed of, of whatever nature and wherever situated, we hereby give, devise and bequeath equally between ruth hanzlicsek and wilma rubenstein aforesaid.
“fifth: We purposely leave nothing to anna marie davis, of Boston, Massachusetts and louise stein, of New York City, New York, daughter and niece respectively of the Testatrix *832 herein, bertha mueller, because they have not shown any concern for us.
‘‘ sixth : On the death of the first of us to die, we nominate, constitute and appoint the survivor of us and Arthur l. milligan, our attorney, as Executors of this our Last Will and Testament, and upon the death of the second of us to die or in the event of our simultaneous deaths or deaths resulting from a common disaster, we nominate, constitute and appoint ruth hanelicsek and wilma rubenstein, aforesaid, Executors of this our Last Will and Testament. All of the aforesaid Executors are to serve without being required to post any bond.
“in witness whereof, we have hereunto severally set our hands and seals this 23rd day of October, 1961.”
On July 5,1962 Bertha Mueller died and the above-mentioned instrument was probated in the Surrogate’s Court, Queens County, as her last will and testament. Her surviving husband, Conrad Mueller, qualified as sole executor and as her sole beneficiary received her entire net estate. On March 12, 1963 Conrad Mueller married defendant Martha Louise Mueller also known as Martha Louise Wangemann. On March 20, 1963 Conrad Mueller executed a will in which his wife Martha was designated as the sole beneficiary of his estate. Conrad Mueller died on June 28, 1964. His will, executed on March 20, 1963 was admitted to probate in the Surrogate’s Court, Queens County and the defendant Carlton A. Walls qualified as the executor under said will.
Prior to October 23,1961 Conrad Mueller and Bertha Mueller executed other wills which were revoked by the will of October 23, 1961. On September 17, 1958 they executed individual wills designating each other as their sole beneficiaries. On June 5, 1961, they executed a single will captioned ‘‘ joint last will AND TESTAMENT OF CONRAD MUELLER AND BERTHA MUELLER ’ ’. The wording of this will was similar to that of October 23, 1961, except in the following significant instances:
“ third: Upon the death of the second one of us to die, provided such latter decedent has not by subsequent Will undertaken to dispose of his or her estate in manner contrary to the within, or in the event of our simultaneous deaths or deaths resulting from a common disaster, then the estate of said second decedent, or of both of us as the case may be, is hereby bequeathed, devised and disposed of as follows:
# * #
fifth: I, bertha mueller, purposely leave nothing to my daughter, annamarie davis, of Boston, Massachusetts and my *833 niece, louisb stein, of New York City, New York, because they have not shown any concern for me. ’ ’
The main issues before the court are whether the instrument dated October 23, 1961 was in fact a joint will and, if so, whether Conrad Mueller made a valid and binding contract to dispose of his estate in the manner provided for in said will in the event his wife predeceased him. Since no evidence has been offered on the trial by any of the parties of the circumstances leading to the execution of the will of October 23, 1961, the court may look to the instrument itself to determine whether it established a contract for the disposition of their estate on the death of the survivor of them. (Rastetter v. Hoenninger, 151 App. Div. 853, 157 App. Div. 553, revd. on other grounds 214 N. Y. 66; Hermann v. Ludwig, 186 App. Div. 287, affd. 229 N. Y. 544; Tutunjian v. Vetzigian, 299 N. Y. 315; Swerdfeger v. Swerdfeger, 4 A D 2d 535.)
The language of the will itself clearly indicates the agreement of the parties to dispose of their property. It is captioned “ JOINT LAST WILL AND TESTAMENT OF CONRAD MUELLER and BERTHA mueller ”. Throughout the will the words “we ”, “ our ” and “ us ” — not “I ”, “ my ” or “ mine ” are used. Furthermore, “ The language of the disposing clause imports the joint disposition of the collective property of both, not the independent disposition by each of his own.” (Rastetter v. Hoenninger, 214 N. Y. 66, 72, supra.) And, at page 73: “Whilst importing a contract the instrument is testamentary in character and as to the property of each speaks from his death. Bach was at liberty during his lifetime to use Ms own as he saw fit, short of making a different testamentary disposition or a gift to defeat the purpose of the agreement, which was that upon Ms death each was to leave the property of which he was then possessed in the manner agreed upon. Very likely either during their joint lives might upon notice to the other have revoked; but, after the agreement had been executed by one dying without making a different testamentary disposition of his property and after the acceptance by the other of the benefits of the agreement, it became obligatory upon the latter and enforceable in equity upon Ms death.”
A further indication of the intention of the parties to jointly dispose of their collective property is the omission in the October 23, 1961 will of the provision “provided such latter decedent has not by subsequent Will undertaken to dispose of his or her estate in manner contrary to the within ” in paragraph “ third ” of the June 5,1961 will of the parties.
*834 Accordingly, the court finds the will of October 23, 1961 to be a joint will executed pursuant to a contract or agreement of the parties for the disposition of their property on the death of the survivor of them.
The bank accounts totalling $22,100.10 opened by Conrad Mueller after the death of Bertha Mueller were a violation of the agreement and defeated its purposes. As stated in Rastetter v. Hoenninger (214 N. Y. 66, 74, supra): “ The survivor could not after accepting the benefits of the agreement make a gift in the nature, or in lieu, of a testamentary disposition or to defeat the purpose of the agreement. Upon the death of the wife, the husband undoubtedly became trustee of her personal estate for the remaindermen.” Consequently, the beneficiary of such accounts is not entitled to the proceeds thereof. The moneys in those accounts are the property of the estate, to be distributed in accordance with the joint will of October 23, 1961.
if While neither a husband nor a wife can dispose of property owned by them as tenants by the entirety so as to affect the right of survivorship they may do so, by acting in concert, as by a joint will, or by a contract ”. (Azzara v. Azzara, 1 A D 2d 1012, 1013; see, also, Swerdfeger v. Swerdfeger, 4 A D 2d 535, supra.)
Accordingly, the real property held by Conrad Mueller and Martha Mueller as tenants by the entirety is the property of the estate, to be distributed in accordance with the joint will of October 23, 1961. While the March 20, 1963 will of Conrad Mueller violates the contract of October 23, 1961, the former < ‘ is recognized as his last testament, but the courts will require its executors and beneficiaries ‘ to perform the contract ’ of their decedent”. (Tutunjian v. Vetzigian, 299 N. Y. 315, 319, supra; see, also, Rastetter v. Hoenninger, 214 N. Y. 66, supra; Schweizer v. Schweizer, 16 Misc 2d 592, affd. 8 A D 2d 946.)
Defendant Martha Louise Mueller paid the sum of $1,465 for Conrad Mueller’s funeral charges and $1,400 for his medical expenses. Concededly, she is entitled to reimbursement.