RAYMOND O. WAGNER et al., Appellants, v ANNE B. WAGNER et al., Respondents.

First Department, June 16, 1977

*Joseph Feinstein* for appellants.

*Herbert Silberman* of counsel *(Silberman & Silberman,* attorneys), for respondent.

BIRNS, J. In this action for a declaratory judgment, plaintiffs appeal from a judgment where, following a trial on stipulated facts, the court dismissed the complaint.

Plaintiffs are the only children of Raymond M. Wagner and Theresa B. Wagner, husband and wife, both now deceased. Theresa died first and Raymond thereafter. Defendant Anne B. Wagner is the second wife and defendant Herbert J. A. Runstorf is the executor of the last will and testament of said Raymond M. Wagner.

Upon the death of Raymond, plaintiffs commenced the within action seeking a declaration of their rights with respect to Raymond's estate. The complaint consisted of four causes of action, as follows:

(1) To impress a constructive trust upon certain real property located at 141 Forest Green, Staten Island.

(2) To void the right of election filed by Anne B. Wagner under EPTL 5-1.1 as surviving widow of Raymond.

(3) To impress a constructive trust upon the proceeds of a pension plan Raymond had with the City of New York, which were paid to Anne as designated beneficiary at Raymond's death.[1]

(4) To impress a constructive trust upon funds which prior to the death of Theresa had been in savings and/or checking accounts in the joint or individual names of Raymond and Theresa, and upon other personal property which had been in the joint and/or individual names of Raymond and Theresa prior to Theresa's death, which Raymond thereafter transferred to himself and Anne as joint tenants.

On October 17, 1967 Raymond and Theresa had executed a joint will which provides, in pertinent part, as follows:

"We, Raymond M. Wagner, and Theresa B. Wagner, his wife, in consideration of the agreement of each of us to dispose of our property as hereinafter set forth, do hereby make, publish and declare this to be our joint Last Will and Testament * * *

*"First:* We give to the survivor of us all our property, both real and personal * * *

---

1. The court granted defendants' motion for summary judgment on this cause of action and it is not the subject of this appeal.

"*Second:* After the death of the survivor of either of us, all our property, both real and personal, we give devise and bequeath unto our children [plaintiffs herein]".

Theresa died on September 27, 1971 and the joint will, insofar as her estate was concerned, was admitted to probate in Kings County. At the time of her death, Raymond and Theresa owned as tenants by the entirety, two parcels of real estate, one at 3722 Clarendon Road and the other at Avenue D, in Kings County, and had a bank account in their joint names in a Brooklyn bank.

On November 20, 1972 Raymond contracted to sell the Clarendon Road property for $32,750 all cash. On December 26, 1972 he married Anne. On March 3, 1973 Raymond and Anne contracted to buy certain real property located at 141 Forest Green, Staten Island, for $44,785, that is, $26,785 cash over a mortgage of $18,000. On June 30, 1973 Raymond closed the sale of Clarendon Road and on July 3, 1973 with the proceeds from the sale of Clarendon Road, closed the purchase of Forest Green, taking title thereto in the names of Raymond and Anne as tenants by the entirety.

Raymond died on November 7, 1974 and the joint will insofar as his estate was concerned was admitted to probate in Richmond County. At the time of his death Raymond owned the Forest Green property as tenants by the entirety with Anne (his second wife), the Avenue D property in his own name (as Theresa, with whom he had owned said property as tenants by the entirety, had predeceased him), two bank accounts in his name jointly with Anne in which there was $305.50 at the East River Savings Bank (emanating from Raymond's and Theresa's bank account in Brooklyn), and $148.32 at the Manufacturers Hanover Trust Company, the moneys of which were contributed solely by Raymond. It was alleged that furniture in the home of Raymond and Anne was purchased by Raymond with $4,065 from the proceeds of the sale of Clarendon Road.

Neither Theresa nor Anne ever worked or made any contribution to the purchases of Clarendon Road, Avenue D, the bank accounts or the purchase of the furniture at the home of Raymond and Anne.

On or about February 26, 1975 plaintiffs commenced the within action. The theory of the complaint is that the joint will executed by Raymond and Theresa, plaintiffs' parents,

imposed a contractual obligation upon the survivor to dispose of his or her assets, upon his or her death, to plaintiffs.

Trial Term dismissed the complaint on the ground that the joint will did not expressly impose a restriction on the disposition of property during the lifetime of the surviving spouse (EPTL 10-6.2, subd [a], par [4]) and that the joint will may not be enforced as a contract, for want of adequate consideration.

The trial court was in error. "Two persons may validly agree to dispose of their estates in a particular way and may embody their agreement in mutual wills or a joint testament." (*Rich v Mottek,* 11 NY2d 90, 93.)

"A will is, of course, always ambulatory and revocable until death * * * [but] one so inclined may bind himself by a mutual or joint will to dispose of his estate in a specified and agreed manner. * * * If, in violation of the agreement so made, one of the parties to the joint will executes a new one, the latter is recognized as his last testament, but the courts will require its executor and beneficiaries 'to perform the contract' of their decedent. * * * Indeed, to permit the one who survives to gain the benefits of the joint will and then to flout its provisions in violation of the promise made to the other 'would be a mockery of justice'. * * * The principle, supported by reason and equity, has been followed in this State * * * as well as in other jurisdictions." (*Tutunjian v Vetzigian,* 299 NY 315, 319.) "Each [testator] was at liberty during his lifetime to use his own [property] as he saw fit, short of making a different testamentary disposition or a gift to defeat the purpose of the agreement, which was that upon his death each was to leave the property of which he was then possessed in the manner agreed upon." (*Rastetter v Hoenninger,* 214 NY 66, 73.)

The joint will executed by Raymond and Theresa strongly suggests an enforceable obligation upon the survivor to dispose of his property pursuant to paragraph "Second" because throughout, the plural pronouns "we" and "us" and not "I" are used, and further because the beneficiaries under the will, other than the testators themselves, are their children (*Rich v Mottek, supra; Rastetter v Hoenninger, supra; Tutunjian v Vetzigian, supra; Rubenstein v Mueller,* 19 NY2d 228; *Elwyn v Comeau,* 8 Misc 2d 704, affd 5 AD2d 748). As was said in another connection, "the whole writing may be 'instinct with an obligation' imperfectly expressed * * * If that is so, there

is a contract." (CARDOZO, J. in *Wood v Lucy Lady Duff-Gordon,* 222 NY 88, 91.)[2]

Recently this court, in *Glass v Battista* (56 AD2d 806), specifically enforced contractual obligations created by a joint will whose language is virtually identical to the will executed by the parents of plaintiffs herein. The following language from that opinion is apropos: "[While] the mere existence of a joint testament may not in and of itself serve to establish the agreement * * * the language used by the testators * * * or the circumstances surrounding its making * * * suffice to spell out a contract, particularly in the case of a joint will executed by husband and wife or by parents interested in providing for their children." *(Rich v Mottek,* 11 NY2d 90, 94.)

Defendants' contention that all of the assets of Raymond and Theresa were provided by Raymond and that therefore Raymond could dispose of his property as he saw fit is of no moment. Raymond's property during his marriage to Theresa was held in both their names and upon her death, he received and became the owner of all the property in his own name. Raymond, of course, was free during his lifetime to use the property so received but he could not make a testamentary disposition contrary to the agreement or a gift, as he did here, to defeat the purpose of the agreement.

Moreover, defendants' attempt to distinguish the case on the ground that Raymond did not execute a separate will after Theresa's death is irrelevant since, as indicated above, Raymond could not defeat the agreement embodied in the joint will by making a gift or gifts to his second wife. There was consideration sufficient to enforce the agreement, found in the mutual promises of the testator/testatrix to have the survivor dispose of the property to their children upon his or her death. Had Raymond predeceased Theresa, it was surely his intention that Theresa, upon her death, should devise and bequeath the property to plaintiffs.

Thus, defendants' various contentions in support of the

---

2. We note legislative concern with the decisions upon which this court has relied to reach its conclusion. Pending before the Legislature is a bill (Sen Int S 3451; Assembly Int A 4226) to amend EPTL 13-2.1 by adding thereto the following subdivision:

"(b) A contract to make a joint will, or not to revoke a joint will, if executed after the effective date of this subdivision can be established only by (1) an express reference in the will to a contract and proof of the terms of the contract; or (2) a writing other than the last will and testament signed by the decedent proving the terms of the contract." (NYLJ, April 20, 1977, p 1, col 2.)

claim that the joint will herein did not create an enforceable contract are rejected. Furthermore, reliance by the trial court on EPTL 10-6.2 (subd [a], par [4]) was error as this section refers to the "Exercise of a power of appointment; conformity to directions of donor", and is inapplicable to the case here.

We have noted that the Clarendon Road property sold by Raymond was property which he and his dedeased wife held as tenants by the entirety. The general rule is that "an estate by the entirety can be conveyed or encumbered only by the joint deed or consent of husband and wife, and neither can, without the consent of the other, convey or encumber any part of an estate by the entirety so as to affect the right of survivorship in the other" (15 NY Jur, Domestic Relations, § 158, see cases cited), but where either a husband or wife survives, such survivor may dispose of the property as he or she sees fit. However, in this case we recognize a restriction on the right of the survivor Raymond to make an unfettered disposition. By our decision we do not hold that the rule as to dispositon of properties owned by tenants by the entirety is changed. We merely say that a husband and wife who are tenants by the entirety may, by joint will containing an exchange of promises, provide for the ultimate disposition of property held by them as tenants by the entirety (Azzara v Azzara, 1 AD2d 1012, lv to app den 2 AD2d 760, mot for lv to app dsmd 2 NY2d 829).

As to Anne's right of election under EPTL 5-1.1, we conclude that such election is unavailable against any property, real or personal, which is subject to plaintiffs' entitlements under the joint last will and testament of Raymond and Theresa (Rubenstein v Mueller, 19 NY2d 228, supra). While Rubenstein was decided under the Decedent Estate Law, nevertheless, the rationale of that case is applicable as well to the case at bar.

Accordingly, the judgment of the Supreme Court, New York County (KAPLAN, J.), entered September 7, 1976, following a trial on stipulated facts should be reversed, on the law, and the complaint reinstated, without costs, and judgment granted declaring in favor of plaintiffs as prayed for in the complaint.

Settle order.

KUPFERMAN, J. P., EVANS, CAPOZZOLI and LANE, JJ., concur.

Judgment, Supreme Court, New York County, entered on September 7, 1976, unanimously reversed, on the law, and the

complaint reinstated, without costs and without disbursements, and judgment granted declaring in favor of plaintiffs as prayed for in the complaint.

Settle order on notice.