■ In the Matter of the Estate of LIBBY K. WEISMAN, Deceased. DOROTHY J. LEVINE, Appellant; RICHARD S. WEISMAN, as Preliminary and Nominated Executor of LIBBY K. WEISMAN, Deceased, Respondent. [674 NYS2d 33] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered January 6, 1998, which denied petitioner's motion for summary judgment and granted respondent Richard Weisman partial summary judgment to the extent of declaring that the 1988 gifts to him from the decedent were not violative of the subject agreements, unanimously affirmed, without costs.

There is nothing in the subject testamentary agreement between the decedent and her husband (who predeceased her), or in their 1974 wills, as modified by codicils executed in 1980, from which it can be fairly inferred that the decedent relinquished her right to dispose of assets not specifically referenced in either the agreement or the wills during her lifetime. Even an agreement that the survivor's entire estate will be left to certain beneficiaries will not necessarily prevent the survivor from making a lifetime gift, since such a gift does not necessarily defeat the purpose of the agreement (*Rastetter v Hoenninger*, 214 NY 66, 73), and, in the absence of express or otherwise substantial textual provisions from which the inference of a dispositional limitation such as that proposed by petitioner could have been unequivocally drawn, the Surrogate properly declined to expand the scope of the agreements here at issue beyond their specific, facially evident intendment (*see*, *Blackmon v Estate of Battcock*, 78 NY2d 735, 740).

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.