MARK C. DENISON, as Executor and Beneficiary of the Estate of ERIKA POZSONYI, Deceased, Appellant, v ANTHONY POZSONYI, Respondent, et al., Defendants. [30 NYS3d 856]—

Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about January 2, 2015, which, inter alia, denied plaintiff's motion to dismiss the counterclaims of defendant Anthony Pozsonyi (Pozsonyi), and granted Pozsonyi's cross motion for summary judgment and declared that Pozsonyi is entitled to 70% of the net estate of decedent, that Pozsonyi is permitted to assert a claim against the estate for his attorney's fees, court costs, and expenses from the proceeding, that there shall be a constructive trust over certain property and income derived from that property, and that plaintiff is prohibited from transferring, selling, mortgaging, pledging or otherwise encumbering that property without the express permission of the court, unanimously affirmed, with costs.

Plaintiff, the widower of decedent, failed to challenge the asserted conflict between the provisions of the separation agreement between Pozsonyi and decedent and his right of election before the motion court and thus, his challenge is unpreserved.

In any event, former spouses may enforce a separation agreement even at the expense of the widower's right of election (*see Wagner v Wagner*, 58 AD2d 7, 11-12 [1st Dept 1977], *affd* 44 NY2d 780 [1978]; *Matter of Barabash*, 84 AD3d 1363 [2d Dept 2011]).

Supreme Court has concurrent jurisdiction with the Surrogate's Court (*see Matter of Mizrahi*, 178 AD2d 349 [1st Dept 1991]), and did not improvidently exercise its discretion in determining the motions, in that plaintiff filed the initial action challenging the provisions of the separation agreement in Supreme Court, which has general jurisdiction.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ.