### HEINRICH v. HEIDT et al.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

ESTATES OF DECEDENTS—CLAIMS AGAINST—REJECTION—LIMITATIONS—AUTHORITY OF AGENT.

    Where an attorney was employed to present a claim against the estate of a decedent, and he sent it by mail to the executors, who sent him by mail a notice of the rejection, such notice was notice to the claimant, and started the running of limitations, under Code Civ. Proc. § 1822, providing that an action against executors on a claim against the estate of the decedent must be commenced within six months after notice of the rejection of the claim.

Appeal from Trial Term, Kings County.

Action by Mary Heinrich against John B. Heidt and others, as executors of and trustees under the will of Louis Heidt, deceased. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Isidor Buxbaum, for appellants.
Henry Bonawitz, for respondent.

WOODWARD, J. Louis Heidt died on the 12th day of April, 1901, leaving a last will and testament, nominating and appointing John B. Heidt, Joseph Reininger, and Oliver J. Moussette as his executors, and letters testamentary were subsequently issued to these gentlemen, who qualified and entered upon the discharge of their duties. On the 16th of November, 1901, the executors began the publication of a notice to persons having claims against the estate, and on or about the 6th of August, 1903, the defendants, the executors above named, received a letter from Stephen O'Brien, an attorney at law, inclosing a formal claim in behalf of the plaintiff

in this action. In this letter, which was written upon a letter headed with the name of the attorney, his office and telephone address, Mr. O'Brien says: "Enclosed find proof of claim of Mrs. Henry Henrich. Kindly advise me if you approve of same." On the 5th day of September, 1903, the executors sent a notice to Mr. O'Brien, addressed to "Mary Heinrich, claimant. Stephen O'Brien, attorney for plaintiff." There is no dispute that this notice, rejecting the claim, was received by Mr. O'Brien, who, as it appears from the evidence, was engaged by the plaintiff's son-in-law to draw up the formal notice, which was duly signed by the plaintiff, and by her son-in-law returned to Mr. O'Brien to be forwarded to the defendants. It appears from the evidence that Mr. O'Brien was not paid for this service, but there can be no doubt that the jury might have properly found that he was employed for the purpose of presenting this claim, and that he was fully authorized to make the presentation. If he had presented this claim in person, and the executors had rejected the same, it cannot be doubted that this would have constituted notice of its rejection sufficiently to have put the six-months statute of limitations contained in section 1822 of the Code of Civil Procedure in operation; and it is not clear why any different rule should prevail where the presentation is made by mail, and the notice of rejection is sent to the person who concededly had authority to present the claim, and who requests that he be informed of the disposition made of the same. "If," say the General Term of the Court of Common Pleas in Peters v. Stewart, 2 Misc. Rep. 357, 358, 21 N. Y. Supp. 993, 994, "the agent presenting the claim had authority to present it to the administrator, it necessarily follows that he had authority to receive on plaintiff's behalf notice that he accepted or disputed and rejected it. Where a creditor sends a person to collect a claim of a debtor, the latter certainly is authorized to receive and receipt for any money that may be paid him on account of that claim; and where one sends an agent to make a demand of any kind the answer of the person on whom the demand is made is good when given to the agent, and in law is considered as if given to the principal personally. 'Qui facit per alium facit per se' is one of the oldest and best-established maxims of the law." It is not disputed in this case that the action was not brought until long after the expiration of six months from the rejection of this claim by the executors, and the judgment in behalf of the plaintiff was directed upon the theory that Mr. O'Brien was not the agent of the plaintiff, and that notice to him was not notice to her. The defendants asked to go to the jury upon the question of whether Mr. O'Brien was authorized to act as the plaintiff's agent, and this was denied; constituting, as we believe, reversible error. Upon the undisputed facts Mr. O'Brien was authorized to present the claim, and this carried with it the right to receive the notice of its acceptance or rejection, and, the defendants having asked to go to the jury upon this point, it was error for the court to refuse the request and to direct a verdict for the plaintiff.

The judgment appealed from should be reversed, with costs to abide the event. All concur.