In the Matter of Proving the Last Will and Testament of JOHANNES DYONISIUS EUGENIUS MARIA DERIDDER, Deceased, as a Will of Real and Personal Property.

STANISLAUS P. M. C. DERIDDER, Appellant; HOWARD TAYLOR and MICHAEL J. EGAN, as Temporary Administrators, etc., and ELISE F. H. WALTER, Respondents.

First Department, May 31, 1918.

**Executors and administrators — rejection of claim by temporary administrator — limitation of action by creditor — permission of surrogate — appeal — determination of matters not necessary to decision.**

Where the claim of a creditor of an estate has been rejected by a temporary administrator, the provision of section 2681 of the Code of Civil Procedure providing for the commencement of an action by the creditor within three months after the rejection does not apply, for such action cannot be brought without the permission of the surrogate, and any delay by him would place the time beyond the three months' period, and hence defeat the creditor's right of action.

The question as to whether section 391 of the Code of Civil Procedure applies, not being necessary to the decision on appeal, will not be determined.

APPEAL by Stanislaus P. M. C. DeRidder, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 19th day of April, 1918, denying his motion for leave to sue the temporary administrators herein.

*William U. Goodbody*, for the appellant.

*Leslie J. Tompkins*, for the respondents.

SMITH, J.:

Upon the death of Johannes DeRidder, Howard Taylor and Michael J. Egan were appointed as temporary administrators of his estate. Stanislaus DeRidder claims to be a creditor of that estate in the sum of about $60,000. This claim was apparently presented to the temporary administrators and was by them rejected. The creditor, for the purpose of saving the possible defense of the Statute of Limitations, has asked leave to sue the temporary administrators. This motion was denied by the surrogate upon the ground

that more than three months had elapsed since the rejection of the petitioner's claim. By section 2681 of the Code of Civil Procedure it is provided that if an executor or administrator doubts the justice or validity of a claim presented to him, he shall serve notice in writing upon the claimant that he rejects said claim. It is then provided: " Unless the claimant shall commence an action for the recovery thereof against the executor or administrator within three months after the rejection, or, if no part of the debt is then due, within two months after a part thereof becomes due, said claimant, and all the persons claiming under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon the judicial settlement." The holding of the surrogate is to the effect that this applies to a claim rejected by the temporary administrators.

We are unable to agree with this construction of the statute. If a claim be rejected by an executor or an administrator-in-chief, the right of the creditor to bring an action within three months is unrestricted. If rejected by a temporary administrator, however, the right is limited to an action permitted to be brought by the surrogate. (See Code Civ. Proc. § 2597.) Primarily the purpose of the appointment of a temporary administrator is for collecting and preserving the assets until the appointment of an executor or administrator-in-chief. In occasional instances, however, a long time must intervene before an executor or administrator-in-chief can be appointed. In such cases it was deemed advisable to give to the temporary administrator further powers of administration, but always, however, under the permission and control of the surrogate. He is allowed to be sued only by permission of the surrogate. It evidently was not the intent of the Legislature to hold that a creditor forfeited his right to bring action for a claim by a delay of three months after the rejection of his claim by a temporary administrator, when he could only sue by the permission of the surrogate, and any delay of the surrogate in deciding this motion which would place the time beyond three months' period would defeat his right of action. The right to bring a legal action is never made dependent upon the will of a judicial officer, and it seems clear that section 2681 does not apply to a claim rejected by a temporary administrator.

The appellant states frankly that his only object in bringing suit at this time is to save the Statute of Limitations and asks the court upon this argument to express an opinion that section 391 of the Code applies to cases in which letters of administration are issued to an administrator-in-chief and not to cases where temporary letters of administration are issued. A construction of that statute was not involved in the surrogate's decision and is not necessary to this decision. If this court should now hold that section 391 referred to the appointment of an executor or administrator-in-chief and not to the appointment of a temporary administrator, the holding, not necessary to this decision, would not be *res adjudicata* and in any subsequent action brought to enforce this claim, if the Statute of Limitations were pleaded, and if the court before which the question then arose should otherwise decide, the creditor might have lost his remedy by relying upon an opinion of this court thus expressed. Ordinarily the courts do not attempt to decide questions that are not necessarily involved in the decision of the particular case presented.

In my judgment this order should be reversed, with ten dollars costs and disbursements, and the motion granted, without passing upon the proper interpretation of section 391 of the Code.

DOWLING, PAGE, SHEARN and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.