Peter de Planter and Another, Plaintiffs, *v.* Sophia de Kryger, Individually and as Administratrix, etc., Defendant.

(Supreme Court, Monroe Special Term, October, 1921.)

*Executors and administrators — action on contract — submission of claim unnecessary — Decedent Estate Law, §§ 116, 117.*

Motion by plaintiffs for judgment on the pleadings.

James A. Rolfe, for motion.

F. Allen DeGraw, opposed.

RODENBECK, J. This action is properly brought. The answer presents no issue. There is no general denial and the defenses set up are not valid. The plaintiff had the right to sue the administratrix without having previously filed his claim with her as such. There is no restriction upon the right to commence an action upon a contract against an administrator where the claim has not been submitted to the administrator. Decedent Estate Law, §§ 116, 117. The general rule is that unless there is some statutory requirement to the contrary, the presentation of a claim to the personal representative of a decedent is not a condition precedent to the commencement of an action against the executor or administrator upon such claim. 24 C. J. § 1836, p. 744. The only restriction in this state is where a claim has been presented to the administrator in which case the claimant is required to submit the claim to the jurisdiction of the surrogate unless he sues on it within three months after its rejection or if no part of the debt is then due, within two months after a part thereof becomes due. Code Civ. Pro. § 2681. Prior to 1895 the surrogate had no jurisdiction to try or determine disputed claims against an estate. Heaton Surrogates (3d ed.), ¶ 224, p. 1165. So that where the claim was disputed, even in a case where the claim was presented to the executor or administrator, the claimant was required to sue on the claim in a court having jurisdiction. The Code was amended by chapter 595 of the Laws of 1895 giving the surrogate jurisdiction of disputed claims where the parties filed a written consent to have the claim determined by him upon the judicial settlement, and by the revision of 1914 the authority of the surro-

gate was broadened so as to give him jurisdiction to try on the judicial settlement all claims, legal or equitable, against a decedent's estate. As the law now stands a claimant may present his claim to the executor or administrator and if it is rejected in writing he may commence an action for the recovery of the claim within three months after such rejection or if no part of the debt is then due, within two months after a part thereof becomes due, and if he does not commence such an action he is barred from doing so and thereby submits the matter to the determination of the surrogate. Code Civ. Pro. §§ 2681, 2510. The submission of claims to an executor or administrator is one of the means provided by law for adjusting them but it is not exclusive and a claimant may still sue without such submission. There was no obligation therefore on the part of the plaintiff to submit his claim to the administratrix and he had the legal right to commence this action without having previously done so. *Martine's Estate,* 11 Abb. N. C. 50; *Baggott* v. *Boulger,* 2 Duer, 160; *Olmstead* v. *Latimer,* 9 App. Div. 163. The statute also gave him the right to join the claim against the administratrix as such with the claim against her as an individual. Code Civ. Pro. § 1815. The plaintiff is entitled to judgment on the pleadings in this action and in the action of Peter Ver Streate et al. against the same defendants, with ten dollars costs in each action.

Judgment for plaintiff.