In the Matter of the Accounting of ETHEL L. HANSON, as Executrix of ANDREW P. NELSON, Deceased.

Surrogate's Court, Kings County, August 20, 1951.

*Joseph Epstein* for executrix, petitioner.

*Murray & Manson* for Kallman Home for Children, respondent.

*Theodore H. Kenworth* for Immanuel Swedish Methodist Church, respondent.

*Albert Dorf* for State Tax Commission, respondent.

RUBENSTEIN, S. The testator herein and his wife executed a joint and mutual will under the provisions of which the survivor of them was given a life estate in all the property, real and personal, of the other. The will then directed that on the death of both " the rest and remainder of our estate be divided as follows between the relations on the two sides and other institutions " followed by a list of names and institutions with the amount each was to receive as a general legacy.

The wife died in 1940, and the instrument was duly admitted to probate as her will. Her husband, the testator herein, died in 1950, and the instrument was then probated as his will and letters testamentary were issued to the petitioner herein as the nominated executrix.

In this proceeding for the judicial settlement of her account as such executrix the petitioner seeks the determination of the court as to the proper disposition of the proceeds of four certain Totten trust accounts in the name of testator, three in trust for the petitioner and the other for an institution. Both of the beneficiaries of the Totten trust accounts are named as general legatees on the death of testator and his wife but for amounts less than the balances in such accounts. All four of the savings bank accounts were opened subsequent to the death of testator's wife.

No evidence has been offered by any of the parties of the circumstances leading up to the execution of their joint and mutual will. In the absence of such evidence the court may look to the instrument itself to determine whether it establishes a contract or agreement of the parties for the disposition of their property on the death of the survivor of them (*Rastetter* v. *Hoenninger,* 151 App. Div. 853; 157 App. Div. 553, revd. on other grounds, 214 N. Y. 66; *Hermann* v. *Ludwig,* 186 App. Div. 287, affd. 229 N. Y. 544; *Tutunjian* v. *Vetzigian,* 299 N. Y. 315). Here the language of the instrument itself indicates the agreement of the parties to make a disposition of all their property as therein provided. The will in part reads: " We ————— do make, publish and declare this our Last Will and Testament " and in paragraph " Fourth " in disposing of the residue of the property on the death of the survivor " after we both have passed away we direct that the rest and remainder of our estate be divided as follows: " between the relations on the two sides and other institutions." The language of MILLER, J., in *Rastetter* v. *Hoenninger* (*supra,* p. 72) may be applied to the situation here presented: " The language of the disposing clause imports the joint disposition of the collective property of both, not the independent disposition by each of his own. It is ' we,' not ' I, Franz and I, Elizabetha,' give the income of ' our,' not of ' my,' real and personal property. They did not in express words give, devise and bequeath the remainder upon the death of the survivor, but they said ' after the death of the survivor of either of us, all our property both real and personal *shall be divided* in the manner following;' a phrase which again strongly suggests, if it does not alone import, a contract."

The court accordingly determines that the joint and mutual will of testator and his wife was executed pursuant to a contract or agreement and the testator as the survivor became a trustee for the beneficiaries named in the instrument.

The opening of the Totten trust accounts by the testator was a violation of the agreement and defeated its purpose. As was said in *Rastetter* v. *Hoenninger* (*supra,* p. 74): "The survivor could not after accepting the benefits of the agreement make a gift in the nature, or in lieu, of a testamentary disposition or to defeat the purpose of the agreement." The beneficiaries named in such accounts are not entitled to the proceeds thereof and the moneys in such accounts are the property of the estate to be distributed in accordance with the joint and mutual will of testator and his wife.

The compensation of the attorney for the accountant is fixed in the sum of $500 against which must be credited the sum of $300 heretofore received by him. The sum allowed is to cover all services to the entry of the decree and distribution as may be directed therein. The affidavit of the attorney should be submitted with the decree herein listing his out-of-pocket disbursements and they will be passed upon by the court and the sum allowed will be inserted in the decree.

Submit decree, on notice, accordingly.