In the Matter of the Accounting of JAMES W. BROWN, Public Administrator of Bronx County, as Administrator C. T. A. of ANGELO QUARANTA, Deceased.

Surrogate's Court, Bronx County, January 21, 1952.

*Robert Williamson* for administrator c. t. a.

*Guido Coen* for Felicetta Q. Vescovo, objectant.

*Edward A. Cibbarelli* for Emil E. Villani, objectant.

POTTS, S. In this accounting proceeding, the objectants, Emil Edmond Villani and Felicetta Quaranta Vescovo, claim the entire net estate pursuant to an alleged agreement between the testator herein and his wife, Esther.

The testator married Esther Villani in 1919. There was no issue of such marriage. He died on December 12, 1949, survived by three brothers and two sisters, one of whom is the objectant, Felicetta Quaranta Vescovo.

By his will which he executed in September, 1930, the testator left his entire estate to his wife, Esther, who predeceased him. Such will contained the following clauses:

" III. I request my wife to dispose of her estate by will, so that upon her demise, her estate shall be devised and bequeathed in two equal shares as follows: one share to the son of my wife, Emil Edmond Villani, now residing at Woodcliff, State of New Jersey, and the other share to my sister, Felisetta Quaranta Vescovo, now residing at Monteporzio Catone (P. Roma), Italy.

" IV. I have executed this last Will and Testament at the same time as my beloved wife, Esther Villani Quaranta, has executed her last Will and Testament, intending thereby that the said Wills shall be mutual and reciprocal wills."

The testator's wife died on November 27, 1949, survived by the testator and a son by a previous marriage, Emil Edmond Villani, one of the objectants.

She left a will whereby her entire estate was given to the testator. Such will has not been probated but by stipulation of counsel it has been placed in evidence and made a part of this proceeding. It contains the following provisions:

" III. I request my husband to dispose of his estate by will, so that upon his demise, his estate shall be devised and bequested (*sic*) in two equal shares as follows: one share to the sister of my husband, Felisetta Quaranta Vescovo, now residing at Monteporzio Catone (P. Roma), Italy, and the other share to my son, Emil Edmond Villani, now residing at Woodcliff, State of New Jersey.

" IV. I have executed this last Will and Testament at the same time as my beloved husband, Angelo Quaranta, has executed his last Will and Testament, intending thereby that the said Wills shall be mutual and reciprocal Wills."

Both documents were executed on the same day and before the same subscribing witnesses.

The objectants assert that the two wills indicate that the testator and his wife made an agreement to leave their property on the death of the survivor of them to the objectants in equal shares.

To succeed in their contention, the objectants must establish the existence of a contract by the clearest and most convincing evidence (*Edson* v. *Parsons,* 155 N. Y. 555). No presumption of an agreement is created by the execution of similar mutual wills with cross provisions (*Edson* v. *Parsons, supra; Wallace* v. *Wallace,* 71 Misc. 305).

The parties have not disclosed any facts as to the circumstances leading up to the execution of the mutual wills. The question therefore is whether or not the instruments themselves import the alleged agreement (*Tutunjian* v. *Vetzigian*, 299 N. Y. 315; *Hermann* v. *Ludwig*, 186 App. Div. 287, affd. 229 N. Y. 544; *Rastetter* v. *Hoenninger*, 214 N. Y. 66).

The documents are entirely lacking in any intrinsic evidence to support a conclusion that a contract exists.

Each instrument contains only one disposing clause and by that clause an absolute and unrestricted gift is made to the spouse of " all the estate * * * to which I may be entitled ". The succeeding clause in each document is purely precatory. In the will of the testator the wish is expressed that the wife shall dispose of " her estate " as he requests. In the wife's will the wish is expressed that the testator shall dispose of " his estate " as she requests. This language not only fails to sustain the objectants' contention but rather, being precatory, is clearly indicative of the absence of any agreement as to the disposition of the survivor's estate (see *Tutunjian* v. *Vetzigian*, *supra*, p. 320, and *Matter of Nelson*, 200 Misc. 3).

In short, the " wills were similarly made and, hence, showed concert of action and similarity of purpose; but not necessarily a binding agreement ". (*Edson* v. *Parsons*, *supra*, p. 570.)

The objections must therefore be dismissed.

All other objections have been withdrawn.

Settle decree.