In the Matter of the Probate of the Will of SHERMAN R. ELWYN, Deceased. MARION D. ELWYN, Appellant; MARTIN F. COMEAU, as Executor of SHERMAN R. ELWYN, Deceased, Respondent.

Third Department, November 18, 1954.

*Lloyd R. Le Fever* for appellant.

*Harry H. Flemming* and *Martin F. Comeau,* in person, for Martin F. Comeau, as executor, respondent.

HALPERN, J. This is an appeal from an order of the Surrogate's Court, refusing to reopen the probate of the will of Sherman R. Elwyn, in order to allow the appellant to interpose objections thereto.

The appellant had not been cited in the proceeding to probate the will and the will had been admitted to probate without objection. The appellant is the widow of a deceased son of the testator. Under the will, one half of the residuary estate is bequeathed to the appellant but under an instrument which she claims constituted an earlier will of the testator, the appellant would have received a legacy of $18,000 in addition to one half the residue.

The appellant contends that, as a beneficiary under the prior will, she should have been cited upon the proceeding for the probate of the later will and should have been given an opportunity to interpose objections to it. The instrument claimed by the appellant to be an earlier will was a joint will of the testator and his wife, Cornelia Elwyn, dated November 15, 1948. This instrument provided in Paragraph Second, that, upon the death of either the husband or the wife, all their property, real and personal, owned either jointly or severally, should pass to the survivor. It then provided in Paragraph Third that " In the event that we should both die in a common disaster, or either of us should predecease the other ", all their property (except their household furniture) should go to a designated trust company in trust for their son Gerald C. Elwyn for life and, upon his death, the first $18,000 of the corpus, plus one half of the balance should go to their daughter-in-law, the appellant.

Paragraph Fourth, read in part: " In the event that either of us should predecease the other, and our son, Gerald C. Elwyn, should also predecease the survivor, then we give, devise and bequeath the real and personal property of the survivor of us as follows ". There then followed a gift of $18,000 plus one half of the remainder of the estate to the daughter-in-law, the appellant.

The wife died first, on July 12, 1949, and the joint will was admitted to probate as her last will and testament. Subsequently, the surviving husband executed a new will under date of February 29, 1952, which, as stated above, has been admitted to probate as his last will and testament.

The Surrogate found that the joint will operated only as the will of the first to die and that, upon its being probated as the will of the first to die, " the whole purpose of the instrument was accomplished; and it became inoperative thereafter ". Therefore, the Surrogate reasoned, the joint will was not a former will of the husband and the beneficiaries named therein were not entitled to be cited upon the proceeding for the probate of the 1952 will.

Of course, if a joint will contains no dispositive provisions except a gift to the survivor of the property of the one who dies first, it is operative only as the will of the first to die and it has no further effectiveness. But a joint will may undertake, not only to dispose of the property of the first to die but of the property of the survivor as well. A joint will of this type is effective as the will of the survivor, in the absence of a later will by him (*Matter of Diez,* 50 N. Y. 88; 1 Davids on New York Law of Wills, § 420; *Rastetter* v. *Hoenninger,* 214 N. Y. 66; cf. Surrogate's Court Act, § 150).

It seems clear to us, upon an analysis of the provisions of the joint will, that it was intended to be of the latter type and that it did not, in the language of the Surrogate, " become inoperative " after the death of the first to die.

While the language of the will is somewhat inartistic, the intent of the parties clearly appears in Paragraphs Third and Fourth. Paragraph Third governs the disposition of the property upon the death of the survivor, if the son of the parties, Gerald C. Elwyn, is then living; Paragraph Fourth governs its disposition, if the son Gerald is not then living. Paragraph Third deals first with the death of both husband and wife in a common disaster, which would, of course, mean that the will would be operative as to both parties, and then it refers to the disposition which is to be made " In the event that * * *

either of us should [have] predecease[d] the other ''. This obviously indicates that the will is to be operative as the will of the second to die, the other having then predeceased him or her. Paragraph Fourth similarly speaks as of the time of the death of the survivor, Gerald having '' also predecease[d] the survivor ''. Paragraphs Third and Fourth read together thus made complete provision for the disposition of the property of the survivor, the nature and terms of the disposition depending upon whether the son Gerald was living at the time of the death of the survivor or not. (Cf. *Matter of Nelson,* 200 Misc. 3.)

It appears that Gerald predeceased the survivor. The appellant would therefore have been entitled to take $18,000 and one half the residue if no later will had been made by the survivor.

Under these circumstances, the appellant was clearly entitled to be heard upon petition for the probate of the later will. Section 140 of the Surrogate's Court Act provides that upon a petition for probate '' The following persons must be cited * * * In every case * * * each person named as * * * beneficiary in any other will of the same testator filed in the surrogate's office ''.

While the earlier will had not technically been filed as the will of Sherman R. Elwyn in the office of the Surrogate, it was on file there in the estate of Cornelia Elwyn and we therefore hold that section 140 was applicable. In cases to which this section applies, it is mandatory. The appellant was therefore entitled, as a matter of right, to have the probate set aside in order to enable her to interpose objections to the will if she desired to do so. If the earlier will had not been on file, the citing of the beneficiaries under it would not have been mandatory, and an application to reopen would then have rested in the discretion of the court and a showing of a meritorious basis for objections might then have been required. But no such requirement can be exacted if section 140 is applicable (2 Bradford Butler on New York Surrogate Law & Practice, § 935; 2 Warren's Heaton Surrogates' Court, § 173, par. 5, and cases there cited).

Of course, if it should be found, after the appellant has been cited and has been given an opportunity to interpose objections, that the later will was a valid one, it would be entitled to probate, notwithstanding the prior joint will. We are not here concerned with the question of whether the appellant would then be entitled to enforce the joint will as a contract between the parties and to impress a constructive trust upon the property in

the hands of the executor upon the ground that the later will constituted a breach of the contract. (*Tutunjian* v. *Vetzigian,* 299 N. Y. 315; *Rastetter* v. *Hoenninger,* 214 N. Y. 66, *supra*; *Hermann v. Ludwig,* 186 App. Div. 287, affd. 229 N. Y. 544.) The only question before us at this time is the right of the appellant, as a matter of law, to be heard upon the issue of the validity of the later will, as a beneficiary under a prior will. She was clearly entitled to that.

The decree appealed from should be reversed, and the appellant's petition should be granted, with costs to the parties filing briefs, payable out of the estate.

BERGAN, J. P., COON, IMRIE and ZELLER, JJ., concur.

Decree reversed, and the appellant's petition granted, with costs to the parties filing briefs, payable out of the estate.