Kenneth S. MacAeeer, J.
Sherman B. Elwyn and Cornelia Elwyn executed a joint will on the 15th day of November, 1948. Following the death of Cornelia Elwyn on July 12, 1949 and on the 25th day of July, 1949 the aforesaid will was duly admitted to probate by the Surrogate’s Court of Ulster County. On the 30th day of December, 1951, Gerald Elwyn, the only child of Sherman and Cornelia Elwyn, died. The plaintiff is the widow of the said Gerald Elwyn.
On or about the 29th day of February, 1952 Sherman B. Elwyn executed a will, the terms of which differ somewhat from the provisions of the aforesaid joint will. Sherman B. Elwyn died on the 18th day of August, 1953. The later will of Sherman B. Elwyn was duly admitted to probate without objection on the 6th day of October, 1955 by the Surrogate’s Court of Ulster County. Prior to such probate there had been litigation as to the necessity of citing Marion D. Elwyn as a party to that probate proceeding, resulting in a determination that she was a necessary party. (See Matter of Elwyn, 285 App. Div. 91.) Martin F. Comean was named as executor in each of these wills and qualified and is acting as such executor.
*706 This action is brought in equity for a determination that the instrument executed November 15, 1948 by Sherman R. Elwyn and Cornelia Elwyn was their irrevocable joint last will and testament and that the plaintiff is entitled to recover to the extent of the provisions made for her under said joint will. To accomplish such recovery the plaintiff seeks a judgment impressing a trust on the assets of the estate of Sherman R. Elwyn in the hands of the defendant executor and for an accounting by the defendants of any of such assets received by them in any capacity.
It is the contention of the plaintiff that the provisions of this joint will constituted an agreement between Sherman R. Elwyn and Cornelia Elwyn for a testamentary disposition of the estate of each which was violated and breached when Sherman R. Elwyn executed a later and different will after the death of Cornelia Elwyn and the probate of the joint will.
The defendants make three preliminary contentions seeking a dismissal of the complaint: (a) that the plaintiff was required to submit her claim to the defendant executor of the second will before commencement of this action, (b) that the complaint fails to state facts sufficient to constitute a cause of action, and (c) that there is a defect of parties defendant in the failure of the plaintiff to join the estate of Gerald Elwyn as a party to this action. Lastly, they contest the main issue on the merits on the ground that there is a failure of proof on the part of the plaintiff of an agreement by Sherman R. Elwyn and Cornelia Elwyn to make an irrevocable testamentary disposition of each of their estates.
To sustain the preliminary contention that the plaintiff is barred from instituting this action by reason of her failure to first present her claim in Surrogate’s Court to the defendant executor the defendants rely on the provisions of section 211 of the Surrogate’s Court Act. Section 211 of the Surrogate’s Court Act provides in part as follows: “If the executor or administrator doubts the justice or validity of any claim presented to him, he shall serve a notice in writing upon the claimant that he rejects said claim, or some part of it, which he specifies. Unless the claimant shall commence an action on his claim against the executor or administrator within three months after the rejection, or, if no part of the debt is then due, within two months after a part thereof becomes due, said claimant, and all the persons claiming under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon the judicial settlement.”
*707 The defendants would read into this statutory provision a requirement that makes the filing of a claim mandatory and a condition precedent to maintaining an action in Supreme Court. This section does provide that if a claim is filed and rejected in Surrogate’s Court no action in the Supreme Court may be maintained by the claimant unless it is brought within the period of limitation provided therein. However, these statutory provisions do not require a claimant to file a claim against the estate in the first instance. An action in Supreme Court may be commenced without the prior presentation of the claim in Surrogate’s Court. In the Matter of Gellis (141 Misc. 432, 433-434) Surrogate Wingate stated the rule as follows: “It is, of course, primary that a creditor of a decedent’s estate may, without presenting his claim to the administrator, or taking any action whatsoever in this court, bring an action in another court upon his claim. (Dec. Est. Law, §§ 116, 117, 140; Michaels v. Flach, 197 App. Div. 478; De Planter v. De Kryger, 117 Misc. 795.) ”
In the Matter of Baldwin (157 Misc. 538, 545) Surrogate Slater stated as follows:
‘ ‘ The general scheme of the law has provided for:
“ (1) The submission of debts and claims (Surr. Gt. Act, art. 12). The general rule is that the presentation of a claim to an executor is not a condition precedent to the commencement of an action against him upon such claim. The submission of claims is one of the means provided by law for adjusting them, and, if rejected, they come up for hearing before the court.”
The contentions of the defendants as to the legal insufficiency of the complaint on the face thereof are predicated largely upon facts extraneous to the pleading. It is axiomatic that when so attacked the pleading itself is the limit of the court’s scrutiny. A reading of the complaint reveals a cause of action (Tutunjian v. Vetzigian, 299 N. Y. 315; Hermann v. Ludwig, 186 App. Div. 287, affd. 229 N. Y. 544; Rastetter v. Hoenninger, 214 N. Y. 66; Matter of Nelson, 200 Misc. 3).
The foregoing disposes of the first two preliminary contentions of the defendants and brings the court to the third preliminary objection of the defendants that there is a defect of parties defendant in the absence from the action of the representative of the estate of Gerald Elwyn. A defect of parties defendant is no longer a reason for dismissal of the complaint unless a party fails or neglects to bring in a party after the making of an order directing a joinder. (Wolff v. Bronton Realty Corp., 281 App. Div. 752; Carruthers v. Waite Mining Co., 306 N. Y. 136; Civ. Prac. Act, §§ 192, 193.) An objection *708 of nonjoinder can only be raised by a motion to add parties. (Buies Civ. Prac., rule 102; Carruthers v. Waite Mining Co., supra, pp. 141, 142.) A defendant who does not raise a question of nonjoinder of parties in an action in equity until the trial and submission of the same for decision must be deemed to have waived the objection, provided the court may render an effective decree as between the parties (Pagano v. Pagano, 207 Misc. 474, 478, affd. 2 A D 2d 756, motion for leave to appeal denied 2 A D 2d 819).
The relief sought in this action does not affect a determination of the nature and extent of the assets of the estate of either of the three decedents, Cornelia Elwyn, Sherman B. Elwyn or Gerald Elwyn. A judgment awarding the relief prayed for in the complaint would not bar the estate of Gerald Elwyn from asserting any claim such decedent might have had. This court determines that the estate of Gerald Elwyn is not an indispensable or a conditionally necessary party as defined by section 193 of the Civil Practice Act. The preliminary objections are therefore overruled and the defendants granted an exception to each ruling.
This brings the court to a consideration of the merits of the controversy. The facts are not involved. The defendant Comeau is an attorney and counselor-at-law. Sherman B. Elwyn and Cornelia Elwyn were his clients over a number of years. In November, 1948, they consulted with Mr. Comeau relative to the preparation of their wills. In the presence of each other and Mr. Comeau they discussed their desires and determinations as to the disposition of the property of each of them by will. Following such discussions Mr. Comeau drafted a joint will. After further discussion Sherman B. Elwyn and Cornelia Elwyn each executed the aforesaid joint will on November 15, 1948. The joint will provided in part as follows:
‘ ‘ First : It is our will that all our just debts, joint or several, together with funeral expenses, be paid as soon after our deaths as may be practicable.
“ Second: We give, devise and bequeath unto the Survivor of us all real and personal property owned by us, either jointly or severally, for his or her own personal use and benefit, absolutely and forever.
“ Third: In the event that we should both ¿lie in a common disaster, or either of us should predecease the other, then * * * all the rest, residue and remainder of our property, both real and personal, we give, devise and bequeath to the Kingston Trust Company, of Kingston, N. Y.,
*709 IN TRUST NEVERTHELESS,
to invest and reinvest the same and receive and collect the income, gain and profit therefrom and apply the same in quarterly yearly payments to the support and maintenance of our son, Gerald C. Elwyn, so long as he shall live * * *
“ After the death of our said son, we direct our said Trustee to pay and distribute the corpus of the Trust Fund, together with any accumulations of interest or income thereon, as follows:
“ (a) To our daughter-in-law, Marion D. Elwyn, the sum of Eighteen Thousand Dollars ($18,000.00), and said sum is to be a preferred payment over any other payment under this clause.
“ (b) The remainder of said corpus over and above the amount of Eighteen Thousand Dollars ($18,000.00), mentioned in (a) herein is to be divided into two parts and the first half of said remainder is to be paid to our daughter-in-law, Marion D. Elwyn, absolutely, in addition to the payment mentioned in (a) herein.
<6 * * #
‘ ‘ Fourth : In the event that either of us should predecease the other, and our son, Gerald C. Elwyn, should also predecease the survivor, then we give, devise and bequeath the real and personal property of the survivor of us as follows:
“ (a) To our daughter-in-law, Marion D. Elwyn, the sum of Eighteen Thousand Dollars ($18,000.00) and said sum is to be a preferred payment over any other payment under this clause.
“ (b) The remainder of said corpus over and above the amount of Eighteen Thousand Dollars ($18,000.00), mentioned in (a) herein is to be divided into two parts and the first half of said remainder is to be paid to our daughter-in-law, Marion D. Elwyn, absolutely, in addition to the payment mentioned in (a) herein.”
Sherman R. Elwyn, in his will dated February 29, 1952 reduced the testamentary provision for Marion D. Elwyn from $18,000 and one half of the balance of the estate as provided in the joint will to one half of his residuary estate. He also made provision in this will for his sister, Agnes Johnson, who was not mentioned in the joint will. The record discloses that Agnes Johnson survived Sherman R. Elwyn and died intestate a resident of Dutchess County, State of New York, during December, 1953, leaving the defendants, Vernon Harvey, Maurice Harvey and Elsie Bag'ley, as her sole distributees.
*710 No proof has been offered and no contention is made that the testator and testatrix ever entered into a separate written agreement to execute a joint will. It is the contention of the plaintiff that the joint will itself embodied such an agreement. In the case of Hermann v. Ludwig (186 App. Div. 287, 299, supra) the court said: “ There are cases where joint wills have been executed providing for a life estate in the survivor with remainder over, and where the survivor having taken possession under the devise, has attempted to make a new will disregarding the remaindermen, and in these cases the courts have invariably held that the will itself furnished the necessary evidence of an agreement between the parties as to the disposition of their property and have held the survivor to his life estate. Such were Rastetter v. Hoenninger (151 App. Div. 853; reversed on other grounds, 214 N. Y. 66); Frazier v. Patterson (243 Ill. 80; 90 N. E. Rep. 216); Bower v. Daniel (198 Mo. 289); 1 Redfield on Wills, 182 ”.
A reading of the will does disclose that the pronoun “ We ” was used and in no instance was the pronoun “ I ” employed. The form of the will and the language employed are essentially the same as the form and language used in the joint will considered by the Court of Appeals in the case of Tutunjian v. Vetzigian (299 N. Y. 315, 319-320) in which Judge Fuld, writing the unanimous opinion of that court, said in part:
‘ ‘ A will is, of course, always ambulatory and revocable until death, the last one executed being deemed the testator’s will. As long’ ago as 1769, however, it was held that one so inclined may bind himself by a mutual or joint will to dispose of his estate in a specified and agreed manner. (Dufour v. Pereira, 1 Dick. 419, 2 Hargrave’s Juridical Arguments, p. 304.) If, in violation of the agreement so made, one of the parties to the joint will executes a new one, the latter is recognized as his last testament, but the courts will require its executor and beneficiaries ‘ to perform the contract ’ of their decedent. (See Dufour v. Pereira, supra, 2 Hargrave, p. 309.) Indeed, to permit the one who survives to gain the benefits of the joint will and then to flout its provisions in violation of the promise made to the other ‘ would be a mockery of justice ’. (Mutual Life Ins. Co. v. Holloday, 13 Abb. N. C. 16, 24.) The principle, supported by reason and equity, has been followed in this State (see Edson v. Parsons, 155 N. Y. 555; Rastetter v. Hoenninger, 214 N. Y. 66; Hermann v. Ludwig, 186 App. Div. 287, affd. 229 N. Y. 544) as well as in other jurisdictions. (See Frazier v. Patterson, 243 111. 80; Curry v. Cotton, 356 Ill. 538; Bower v. Daniel, 198 Mo. 289; Baker v. Syfritt, 147 Iowa 49.)
*711 ‘1 In our view, the courts below were justified in finding that the parties had agreed not to revoke the 1942 will and to make the bequests therein provided. While the mere execution of a joint reciprocal will may not suffice to establish such a contract (see Rastetter v. Hoenninger, 214 N. Y. 66, 72, supra; Hermann v. Ludwig, 186 App. Div. 287, 300-301, affd. 229 N. Y. 544 supra), the language used by the testators in this case supplies evidence of such an underlying obligation. Thus, it is ‘ We ’, not ‘ I, Mihran, and I, Helen ’, who make and publish ‘ this ’ to be 1 our ’, not ‘ my ’, last will and testament; it is 1 We ’, not ‘ I ’, who direct that all ‘ our ’ debts and funeral expenses be paid, and as soon after 1 our ’ death as practicable; it is ‘ We ’, not ‘ I ’, who bequeath and devise ‘ all our property ’ to the ‘ survivor of us ’; and, finally, it is ‘ we, or the survivor of us ’, who bequeath and devise ‘ all our property ’ in the manner specified upon the earlier death of the other. In short, just as in the Rastetter case, so here, the language of the disposing clause 1 imports the joint disposition of the collective property of both, not the independent disposition by each of his own ’ (214 N. Y., at p. 72).”
In the opinion of the court, the proof adduced by the plaintiff on the trial establishes that Sherman R. Elwyn and Cornelia Elwyn made an agreement for the joint disposition of their estates. They effectually established such agreement in the joint will they executed on November 15, 1948. On the death of Cornelia Elwyn and the probate of the joint will, the agreement became irrevocable. The later will of Sherman R. Elwyn was in violation of this agreement and the terms and provisions of the joint will should be enforced. (Tutunjian v. Vetzigian, 299 N. Y. 315; Hermann v. Ludwig, 186 App. Div. 287, affd. 229 N. Y. 544; Rastetter v. Hoenninger, 214 N. Y. 66; Matter of Nelson, 200 Misc. 3.)
There did, however, exist in the case of Tutunjian v. Vetzigian (supra) a written contract in which the parties had agreed to execute mutual wills. The absence of such a written contract will not affect or prevent testators from entering into a joint will and effectively disposing of their estates. A joint will itself may be such an agreement and, if so, requires no further writing to entitle the provisions of such a document to effectively dispose of the estates of the parties thereto.
As neither party has filed requests to find before the cause was finally submitted to the court (Civ. Prac. Act, § 439) the foregoing shall constitute the facts which the court deems established by the evidence and essential to its decision (Civ. Prac. Act, § 440; Joroco Silk Corp. v. Nova, 265 App. Div. 1061).
*712 All motions on behalf of the defendants on which the court reserved decision on the trial are hereby denied.
Judgment is awarded to the plaintiff against the defendants to the extent set forth in paragraphs designated “ 2 ”, “ 3 ” and “ 5 ” of the prayer for relief in the complaint, together with the costs and disbursements of this action against the defendant Comean as executor of the last will and testament of Sherman R. Elwyn, deceased. Judgment shall be settled on three days’ notice after consultation with the court as to the date of settlement.