Mario Pittoni, J.
Motion to dismiss the complaint pursuant to subdivisions 1 and 5 of rule 107 of the Buies of Civil Practice, is denied.
*598 The action is to recover the sum of $21,957.96 for services allegedly rendered to the defendant testate, Philip Schoenfeld, prior to his death in April, 1954. After the issuance of letters of temporary administration the plaintiff filed her claim in July, 1954 with the temporary administrators. Permission to sue the temporary administrator was sought pursuant to section 127 of the Surrogate’s Court Act, and was denied by the late Surrogate of Kings County, Ivan Rubenstein, in November, 1954. Thereafter, the plaintiff again sought relief in the Surrogate’s Court of Kings County by a citation returnable April 15, 1958. In answer to the plaintiff’s petition therein, the temporary administrators on April 15, 1958 rejected her claim. After the matter was set down for hearing before Surrogate Moss, letters testamentary were issued to the defendants on May 15,1958.
It is the contention of the defendants that the failure of the plaintiff to commence her action within three months after the rejection of her claim on April 15, 1958 barred her from the maintenance of an action under section 211 of the Surrogate’s Court Act. That section refers to the rejection of a claim by an executor or administrator. It does not mention a temporary administrator, for it was not “ the intent of the Legislature to hold that a creditor forfeited his right to bring action for a claim by a delay of three months after the rejection of his claim by a temporary administrator, when he could only sue by the permission of the surrogate, and any delay of the surrogate in deciding this motion which would place the time beyond three months’ period would defeat his right of action.” (Matter of De Ridder, 183 App. Div. 657, 658.)
No claim was presented to the defendant executors after the issuance of letters testamentary on May 15,1958, nor is it necessary to present such claim before the maintenance of an action in the Supreme Court (Elwyn v. Comeau, 8 Misc 2d 704, 707). The observation may be made, however, that if a motion were made pursuant to section 190-a of the Civil Practice Act, the cause would be transferred to the Surrogate’s Court as the claim involves a transaction with the decedent. (Snow v. Snow, 13 Misc 2d 966; Schoelles v. Zausmer, 2 A D 2d 979.)
Motion denied.
Submit order.