Orrin G. Judd, S.
This is a motion in behalf of the contestant distributees for an order to deny the issuance of preliminary letters testamentary to the named executor in the propounded instrument or in the alternative that a list of assets be furnished to the court so that in the discretion of the Surrogate an appropriate bond be required of said executor. The -contestants’ attorney urges that he received no notice of the application and did not consent thereto. The attorneys for the residuary legatee do not object to the issuance of preliminary letters without bond to the nominated executor, and request the denial of this motion in all respects.
New section 153-a of the Surrogate’s Court Act provides for mandatory issuance of preliminary letters to a nominated executor, subject to power in the Surrogate only to impose such conditions and limitations as his discretion may find appropriate. No notice is necessary to any person except other nominated executors.
The purposes of the statute are contained in Legislative Document (196-3) No. 19, Second Report of Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates, which recites in part: “ As soon as a petition for the probate of the will has been filed and a citation has been issued thereon, an executor named in the will may file a written request to the Surrogate for the issuance to him of preliminary letters testamentary. No notice of the request is required to be served upon any person, except those who would have cm equal right to serve as preliminary executor. The notice is given to them in order to afford them an equal opportunity to serve, if they desire to do so. The grant of preliminary letters testamentary is mandatory. The reason for suggesting a mandatory, rather than a discretionary, issuance of letters is to relieve the Surrogate of the necessity of holding a preliminary hearing on that question, as he might feel impelled to do if the issuance was discretionary with him. The holding of a preliminary hearing would necessarily require notice to all interested parties and would destroy the essential advantages of the procedure. However, the broadest discretion is granted to the Surrogate in every other area, including the power to impose limitations and restrictions upon the letters, to require the filing of a bond and to fix its amount, and to revoke the letters ” (p. 95 [153], emphasis supplied).
The contestant distributees in this case having filed their motion before the preliminary letters were actually issued, the entire matter has been held in abeyance for the determination *809 of this motion. The facts set forth in the motion papers are insufficient to warrant a vacatur of the order directing the issuance of preliminary letters testamentary, or a modification of said order by requiring the posting of a bond. The motion is therefore denied.