Orrin G. Judd, S.
Proponent, the nominated executor in decedent’s will, obtained an order dated June 22, 1964 directing the issuance to him of preliminary letters testamentary, pursuant to recently enacted section 153-a of the Surrogate’s Court Act. The letters as issued contained the words, apparently taken from the petition for such letters, 1 ‘ with the power to *95 collect the rents and if necessary to pay fuel bills ” of decedent’s real property described in said position. The order did not contain the quoted language nor any reference thereto. As hereinafter explained there was no need to set it forth in the order nor to insert it in the letters.
After the issuance of said letters, objections to probate of decedent’s will were filed. Proponent, anticipating a delay in probate by reason thereof, finds it necessary to exercise additional powers with respect to the management and operation of said real property, specifying payment of taxes and utility bills, and making essential repairs. He, therefore, now moves to “ delete ” the quoted phrase from the preliminary letters testamentary issued to him and for authority to pay said expenses and “ exercise all the other powers and perform all of the other duties set forth in section 153-a. ’ ’ There is no opposition to the application. However, the appropriate relief is not to delete words from letters already issued but to issue amended preliminary letters testamentary to suit the situation.
This application points up the advantages of the procedure originated by section 153-a. Before the enactment of the statute any delay in probate, whether caused by a contest or otherwise, necessitated temporary administration whenever there were assets that required administration. In recommending submission of this statute for enactment, the committee’s report to the Temporary State Commission on Estates says:
“ A temporary administrator, being a mere conservator, must make application to the court for authority to take almost every step in the temporary administration. Courts are sometimes reluctant to grant him certain powers, especially if he is not the executor named in the will and if the act involves the exercise of discretion. Temporary administration not only moves slowly, but it adds expense to the estate.
“ In a large number of cases on the probate trial calendar, the person who files objections to the probate of the will has no reasonable basis to expect any measure of success in the contest except that which may inure to him because of his ability to delay the administration of the estate. Estate representatives and beneficiaries are frequently willing to pay the nuisance value of a contest in order to avoid delay and even greater expense. We believe that a grant to an estate fiduciary of an authority somewhat greater than that possessed by a temporary administrator and less than that possessed by an executor, will speed the administration and reduce the number of feigned objections. One of the advantages of probate in the common form is said to be its discouragement of groundless probate contests. That *96 is an objective which would save much time and money for the people of the State.” (Second Report of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates; N. Y. Legis. Doc., 1963, No. 19, pp. 94-95, Appendix B, Report No. 3.3A, pp. 152-153.)
Section 153-a makes the grant of preliminary letters testamentary mandatory (Matter of Patton, 43 Misc 2d 807). It adds qualifications recommended by the commission to give the Surrogate “ broadest discretion * * * in every other area, including the power to impose limitations and restrictions upon the letters, to require the filing of a bond and to fix its amount, and to revoke the letters ” (id., p. 808).
Subdivision 1 of said section provides in part: “ Such letters shall confer upon the person named therein, subject to any limitations contained in the instrument offered for probate, all the powers and authority and shall subject him to all the duties and liabilities of an administrator of the goods, chattels and credits of an intestate except that they do not confer any power to pay or to satisfy a legacy or distributive share, or to sell or otherwise dispose of property specifically bequeathed or devised by the instrument offered for probate except with the written consent of the specific legatee or devisee ” (emphasis supplied). The powers of an administrator are thus conferred upon a preliminary executor automatically by the issuance of letters in respect of personal property, and to some extent also in respect of real property by virtue of section 123 of the Decedent Estate Law, entitled “Power of administrator over real property” (repealed, eff. June 1, 1965 by L. 1964, ch. 681, § 1; thereafter covered by § 127, Fiduciaries’ Powers Act). As of now, therefore, a preliminary executor, without any specific authorization by the court, has “ power to take possession of the real property of such decedent * * * and to manage the same and to collect the rent thereof during his administration of the estate or until otherwise ordered by the surrogate ” (Decedent Estate Law, § 123). Under the term “manage” is implied operation of the real property including payment of taxes and utility bills and making essential repairs. As indicated at the outset, the insertion of the quoted language in the letters as issued was not required by the order herein and is superfluous. Moreover, its presence might be interpreted as limiting the powers of the preliminary executor to just the two powers mentioned, namely, to collect rents and pay fuel bills.
Proponent requests also the power to “ exercise all the other powers and perform all of the other duties set forth in section *97 153-a.” This statement is too general. The section does not set forth specific powers. It refers in subdivision 1 to the powers of a preliminary executor only by relation to those possessed by an administrator and, additionally, with respect to real property, to the powers ‘ ‘ that the surrogate is authorized by this act to confer upon a temporary administrator ” which powers may be conferred ‘ ‘ in the order directing the issuance of preliminary letters testamentary or in a subsequent order” (id.). Both an administrator and a temporary administrator must comply with the requirements of article 13 of the Surrogate’s Court Act including application to the court for authority to sell, mortgage or lease real property under certain circumstances. Authority may be granted to do so “ or to do any other act with respect thereto which is, in the surrogate’s opinion, necessary for the execution of the will, or the preservation or benefit of the real property” (Surrogate’s Ct. Act, § 130). This contemplates the exercise of the Surrogate’s discretion in connection with a specific act or acts sought to be performed other than the usual acts of management and operation of real property. There can therefore be no blanket authority to perform all the acts which the Surrogate has the discretion to authorize a temporary administrator to do. When any such acts are sought to be performed, which in the opinion of the Surrogate are necessary, authority therefor may be obtained upon proper application. Should the situation present itself, the court may by subsequent order grant authority “ somewhat greater than that possessed by a temporary administrator and less than that possessed by an executor” (Committee Report No. 3.3A, supra). For the present it will suffice to provide in the order granting amended letters to petitioner that he shall have the powers to manage and operate decedent’s real property subject to further order of the court (Surrogate’s Ct. Act, § 153-a; Decedent Estate Law, § 123). Amended preliminary letters testamentary, omitting any qualifying language, will be issued to petitioner accordingly.