William J. Crangle, J.
Defendant seeks summary judgment in this action for work, labor and services, claiming that plaintiff has not brought her action within 60 days after rejection *855 of her claim by the executor. Section 211-c of the Surrogate’s Court Act states: ‘ ‘ where a claim has been presented and rejected in whole or in part such action must be commenced within sixty days after such rejection.”
A claim was presented by the plaintiff through her attorney Edgar W. Snell to the executor on April 8, 1965. A rejection was sent by the executor to attorney Snell on April 20, 1965. Thereafter on October 20, 1965 another claim verified on that date was filed through plaintiff’s present attorney, Leo W. Spira, and the claim was rejected on October 28, 1965. The plaintiff on the same day commenced the present action.
The plaintiff takes the position that although the present action was commenced after the expiration of 60 days from the date of rejection of the first claim, its commencement was timely as to the filing and rejection of the second claim. Her attorney also argues that the rejection of the first claim was improper in that the rejection of claim was not mailed to her personally.
A reading of the two claims compels the conclusion that they are based upon the same facts and encompass the same work, labor and services. Although the amounts claimed are different, the second claim being for some $5,000 less than the first claim, the relation of the parties, the nature of the services and the time span mentioned are identical. Therefore the filing of the second claim must be disregarded in computing the period for the running of the Statute of Limitations. If the first claim was properly rejected, the action was not commenced within the 60-day period allowed by the statute.
The executor served the rejection notice by mail upon plaintiff’s attorney. Notice to the attorney for the claimant was notice to the claimant. (Dillon v. Anderson, 43 N. Y. 231 ; Heinrich v. Heidt, 106 App. Div. 179.)
Summary judgment is granted without prejudice to plaintiff’s right to pursue her remedy upon the judicial settlement in Surrogate’s Court.