Edward S. Silver, J.
This is a motion by claimants to dismiss the petition by the executrix for disallowance of their claims in the amount of $5,815 for accounting services allegedly rendered to testator. The ground for the motion is that this court was ousted of jurisdiction to adjudicate the claims because of the civil court action on the claims brought by claimants against the estate within 60 days after their rejection by petitioner as executrix (SOPA, § 1810). The opposition is based on the fact that the claims had been presented once before to petitioner as preliminary executrix and rejected by her as such, and that the civil court action was not commenced within 60 days after such prior rejection, thereby requiring determination of *160 the claims in this court either upon the accounting (SOPA, § 1808) or, as requested, in this proceeding (SOPA, § 1809).
The sole issue involves the validity and effect of the prior presentation of the claims and rejection thereof by petitioner as preliminary executrix. Claimants contend that petitioner as preliminary executrix had no power to receive and reject claims; that they were not bound by such rejection; that only the presentation of the claims to petitioner as executrix was valid and that they were within their rights to commence the civil court action within 60 days from date of rejection by petitioner as executrix. The two cases cited by claimants (Matter of Unseld, 43 Misc 2d 106 and Matter of Griffith, 44 Misc 2d 94) do not concern the issue at hand, nor do they in any respect support claimants’ argument. In-the first case the court held in abeyance the executor’s application to disallow the creditor’s claim pending expiration of the short Statute of Limitations in order to afford the creditor an opportunity to sue before such expiration. The second case, decided by this court, discusses the statutory powers of a preliminary executor and stresses that they are wider than those of a temporary administrator. If anything, that decision leads to the conclusion that rejection of a claim by a preliminary executor is as effective and binding as his other functions in the administration of the estate, subject to specific restriction by statute or court order of which none is present here bearing upon the issue.
Petitioner relies upon Titus v. Poole (145 N. Y. 414) wherein a claim based on fraud was presented to the executors and rejected, whereupon civil action thereon was commenced promptly but resulted in a nonsuit. Thereafter the claim was presented to the executors again, based upon breach of warranty. After its second rejection action thereon was commenced promptly but more than six months (the then applicable limitation) after the original rejection. The court said (p. 421): “ The plaintiff, therefore, by the presentation of his original claim, under the statute subjected himself to the conditions Avhich attached on its rejection, and thereupon the statute commenced to run against any cause of action founded upon the transaction embraced in the claim, whether an action for deceit or for breach of Avarranty. The party who presents a claim which is rejected cannot be permitted to evade the Statute by successive presentations of claims founded on the same transaction, but varying in form or detail.” However, the short Statute of Limitations, otherAvise a bar to the action, was held inapplicable because the case Avas brought directly within the saving provision of another statute permitting a plaintiff whose *161 action was terminated by nonsuit to commence a now action within a prescribed period of time after judgment, with which plaintiff had complied. But the quoted rule is applicable in the instant matter where no saving statute is involved, and section 1810 of SCPA bars claimants’ pending civil court action, provided the earlier rejection of the claims by petitioner as preliminary executor is binding and effective (Braloff v. Greenberg, 284 App. Div. 1054; Powell v. Estate of Hinrichs, 49 Misc 2d 854).
The right of a preliminary executor, equally as that of a temporary administrator, to receive and approve or reject claims and, if rejected, to apply for determination by the Surrogate’s Court cannot be questioned in this jurisdiction (SCPA, art. 18; contra, 34 C. J. S., Executors and Administrators, § 410; Little v. Gavin, 244 Ala. 156). Such procedures are of the very essence of estate administration, to expedite which temporary fiduciaries are appointed pending probate or issuance of permanent letters, besides enabling them to marshal and conserve estate assets. But while a temporary administrator lacks power to pay claims without prior court order except as provided in section 903 of SCPA, the preliminary executor may, subject to some statutory limitations, pay claims with the same authority and accountability as that of a permanent fiduciary, unless restricted by the order appointing him or a subsequent order (SCPA, § 1412). Another essential, and here the determining difference is that a temporary administrator may not be sued without leave of court (SCPA, § 905, subd. 2), whereas there is no such restriction in the case of a preliminary executor.
The need of obtaining leave of court to sue a temporary administrator is the basis for the holding in Matter of DeRidder (183 App. Div. 657) that the short Statute of Limitations did not apply to claims rejected by a temporary administrator, thereby allowing the creditor to submit his claim anew to the permanent administrator and sue after rejection within the time limitation. The court reasoned (p. 658): “It evidently was not the intent of the Legislature to hold that a creditor forfeited his right to bring action for a claim by a delay of three months after the rejection of his claim by a temporary administrator, whom he could only sue by the permission of the surrogate, and any delay of the surrogate in deciding this motion which would place the time beyond the three months’ period would defeat his right of action. The right to bring a legal action is never made dependent upon the will of a judicial officer, and it seems clear that section 2681 [Code Civ. Pro.] does not apply to a claim rejected by a temporary administrator.” (To same effect, Ovari v. Maultasch, 17 Misc 2d 597; Brown v. Inger *162 soil, 226 N. Y. S. 2d 479.) By analogy, therefore, in the case of a preliminary executor, who may be sued without prior order of the Surrogate, a claimant must be held to forfeit his right to sue after expiration of 60 days from rejection of the original claim by the preliminary executor, and claimant cannot revive his right by presenting his claim anew to the permanent executor.
This conclusion follows also from the general trend of statutory revisions pertaining to disposition of claims against estates and from the extension of definitional coverage. In 1956 section 208 of the Surrogate’s Court Act (now SCPA, § 906 in part) was amended 1 ‘ to make clear that creditors of a deceased person have the same rights and duties in respect of filing claims as if a temporary administrator were an executor or administrator ” (Bill Note to Surrogate’s Ct. Act, § 129). The present act is intended to clarify, modernize and make uniform the procedures for the disposition of claims. Uniformity was advanced also by “ a new definitional section intended to add clearness and precision to the sections on claims in so far as their application to fiduciaries is concerned” (Commission on Estates, N. Y. Legis. Doc., 1963, No. 19, Report No. 5.1B). In 1963 section 217-a of the Surrogate’s Court Act was enacted to define ‘1 administrator ’ ’ as including 1 ‘ temporary administrator.” (This raises the question whether the reasoning in Matter of DeRiclder, supra, is still to be followed.) That section was absorbed in section 103 of SCPA of which subdivision 21 includes ‘ ‘ preliminary, executor ’ ’ in the general term ‘1 fiduciary” now used exclusively in article 18 of SCPA dealing with claims, instead of “ executor or administrator ” as previously in article 12 of the Surrogate’s Court Act. There is nothing in article 18 which requires a distinction to be made between the various types of fiduciary in respect of rejection of claims by them, the effect of their rejection thereof (SCPA, § 1808) and a claimant’s right to sue after rejection of his claim by a fiduciary (SCPA, § 1810). It follows that failure to commence an action within 60 days after rejection of a claim by a preliminary executor bars civil action thereon and entitles the fiduciary to seek its adjudication in the Surrogate’s Court. Claimants’ motion to dismiss the executrix’ petition is therefore denied. Settle order.
The claimants’ civil court action shall be transferred to this court pursuant to order to be settled and their claims disposed of in this proceeding (Ovari v. Maultasch, 17 Misc 2d 597, supra). It appears that extensive pretrial procedure herein has fully apprised the parties of the details of the claims. The papers filed may be considered as the pleadings upon which issue has been joined, so that a hearing thereon may be had before a Referee,